[Civ. No. 13652.   First Dist., Div. One.   Mar. 8, 1948.]

DONALD RALPH, Petitioner, v. THE POLICE COURT OF THE CITY OF EL CERRITO, Respondent.

Fabian D. Brown and Kenneth C. Zwerin for Petitioner.

No appearance for Respondent.

PETERS, P. J.—This is a petition for a writ of prohibition to restrain the respondent police court from further proceeding to prosecute petitioner on a charge of reckless driving, causing bodily injury in alleged violation of section 505(b) of the Vehicle Code.

The petition avers that the alleged offense occurred on April 22, 1947; that petitioner pleaded not guilty to the charge on June 7, 1947; that no written complaint was ever filed; that petitioner did not at any time waive, in writing, the

filing of such a verified complaint; that, although no complaint was filed or waiver given, petitioner was placed on trial and found guilty by respondent court; that he moved in arrest of judgment and for a new trial; that both motions were denied; that petitioner appealed to the superior court from the judgment of conviction and from the order denying the motion for a new trial; that the judgment and order were affirmed on September 25, 1947; that thereafter a rehearing was denied by the superior court and that court issued its remittitur to the respondent court; that that court is about to pronounce sentence upon petitioner; that respondent court is without jurisdiction over the proceeding in the absence of a written complaint or a written waiver thereof.

These facts stand uncontradicted. Respondent court, and the district attorney of Contra Costa County, although properly served, have not responded by filing a return to the alternative writ, nor did they appear through counsel or otherwise at the oral argument. Under the admitted facts, in our opinion, the writ must issue.

█ Under the provisions of the Vehicle Code a person arrested for the misdemeanor defined in section 505(b) may be immediately taken by the arresting officer before a magistrate, or, at the option of the arresting officer, may be given a written notice to appear before the magistrate within five days (§ 737). If the arrested person is immediately taken before a magistrate "the arresting officer shall file with said magistrate a complaint stating the offense with which such person is charged" (§ 738). The procedure where written notice is given, the contents of such notice, and the proceedings to be had thereunder are prescribed by section 739.

Section 739.1 reads as follows:

"Whenever written notice to appear has been prepared, delivered and filed with the court, as provided in section 739 hereof, . . . an exact and legible duplicate copy of said notice when filed with the magistrate specified herein, in lieu of a verified complaint, shall notwithstanding the provisions of section 1426 of the Penal Code, constitute a complaint to which the defendant may plead 'Guilty.'

"If, however, the defendant shall violate his promise to appear in court or shall not deposit lawful bail, or shall plead other than 'Guilty' of the offense charged, a complaint shall be filed which shall conform to the provisions of said section 1426, Penal Code, and which shall be deemed to be an original

complaint, and thereafter proceeding[s] shall be had as provided by law; provided, that a defendant may, by an agreement in writing, subscribed by him and filed with the court, waive the filing of a verified complaint and elect that the prosecution may proceed upon the written notice mentioned in section 739 hereof.''

Penal Code, section 1426, provides as follows: ''All proceedings and actions before a justice's or police court, or a municipal court, for a public offense of which such courts have jurisdiction, *must be commenced by complaint* under oath, setting forth the offense charged, with such particulars of time, place, person, and property as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint . . .'' (Italics added.)

Thus it is quite apparent that whether the arrested person is taken immediately before a magistrate, or is given a five-day notice to appear and pleads not guilty and does not waive the requirement, a complaint under section 1426 of the Penal Code ''must'' be filed. Unless waived, as provided by statute, the filing of such complaint is essential to the jurisdiction of the police court. That has been the law of this state for many years. It was stated as follows in the case of *In re Williams*, 183 Cal. 11, 12 [190 P. 163]: ''It goes without saying that it is essential to the jurisdiction of a police court to put a person upon trial for a public offense that there should be on file therein a complaint charging such person with the commission of such offense.'' (See, also, *People* v. *Brussel*, 122 Cal. App.Supp. 785 [7 P.2d 403].) It is also the law in other jurisdictions. The rule, supported by many authorities, is stated as follows in 22 Corpus Juris Secundum pages 456, 457, section 303: ''The term 'complaint' is a technical one descriptive of proceedings before magistrates. It is and has been defined to be the preliminary charge or accusation against an offender, made by a private person or an informer to a justice of the peace or other proper officer, charging that accused has violated the law. It has also been defined as a preliminary charge before a committing magistrate; . . . The complaint is the foundation of the jurisdiction of the magistrate, and it performs the same office that an indictment or information does in superior courts.'' (See, also, cases collected 16 C.J. § 492 p. 286.)

Section 739.1 of the Vehicle Code, above quoted, dispenses with a formal complaint when the accused pleads guilty, or

where he pleads not guilty and waives in writing the filing of such a complaint. Otherwise, the provisions of section 1426 of the Penal Code apply.

The petition here involved does not disclose whether petitioner upon his arrest was immediately taken before a magistrate or given a five-day notice. It does disclose, however, a plea of not guilty and it does aver that no waiver was made. Under such circumstances the filing of a complaint was mandatory, and essential to the jurisdiction of the court. "Jurisdiction is fundamental. It is the primary question for determination by a court in any case for jurisdiction is the power to hear and determine. [Citing cases.] If a judgment is rendered by a court which did not have jurisdiction to hear a cause, such judgment is void *ab initio*. [Citing cases.] Even though a void judgment is affirmed on appeal, it is not thereby rendered valid." (*In re Wyatt*, 114 Cal.App. 557, 559 [300 P. 132].)

Let the peremptory writ issue as prayed.

Ward J., and Bray, J., concurred.