[Civ. No. 8451. Third Dist. Oct. 2, 1953.]

THEODORE RUPLEY, Petitioner, v. LEON G. JOHNSON, as Judge of the Placerville Judicial District, Respondent.

Herman D. Jerrett for Petitioner.

Robert E. Roberts, District Attorney, and Paul J. Mc-Clarrmon, Assistant District Attorney, for Respondent.

SCHOTTKY, J.—Petitioner filed in this court a petition for a writ of mandate directing the judge of the Placerville Judicial District to dismiss certain criminal complaints filed therein. We issued an alternative writ, and following the filing of respondent's answer and return the matter was argued before this court by respective counsel.

The factual situation as it appears from the petition and the return is substantially as follows:

Petitioner is a copartner in the trucking and hauling business. Between April and August, 1952, various drivers of the firm were cited by the California Highway Patrol for certain violations of the traffic laws (principally Veh. Code, §§ 705 and 711). Citations were issued to Rupley Bros. and their drivers, and copies of said citations were sent to the then Justice of the Peace Holland, together with signed but unsworn to complaints relating to each citation. These complaint forms were received and retained by the court but it does not appear that they were ever sworn to or filed. Petitioner appeared on the dates set forth in the citations but found the court not open for business. Subsequently, Justice of the Peace Holland sent notice for the reappearance by petitioner on August 25 and 26, 1952, but petitioner communicated with the justice of the peace and stated that he wished a few days more so that he could obtain an attorney to represent him, and the appearance date was reset for Sep-

tember 12, 1952. Thereafter, petitioner's attorney, Herman D. Jerrett, informed Justice of the Peace Holland that he was engaged in a trial at Willows, California, and requested that the appearance and arraignment of petitioner be postponed until November 19, 1952. On said last mentioned date Attorney Jerrett appeared as counsel for petitioner and the persons named in the said citations, but stated to the court that he was only appearing to object to the authority and jurisdiction of the court and of the acting justice of the peace, contending that the court had no jurisdiction because it had no dockets, no receipt book, no records, no signed complaints, and could not act in the matter. Petitioner has never appeared personally in response to the citation nor has he entered any plea thereto. It appears that the former justice of the peace had committed certain acts and omissions constituting misfeasance and malfeasance in office, that on August 19, 1952, the records, dockets, files and papers of said justice's court were subpoenaed by the grand jury and held by them, that the said justice of the peace was removed from his office on December 20, 1952, and that respondent was appointed judge of said court effective February 10, 1953. Thereafter, on March 11, 1953, complaints signed by the complaining witnesses, on oath before respondent as judge of said court, were duly filed and petitioner and the other persons mentioned in the said citations were notified to appear on March 18, 1953. On that date Attorney Jerrett appeared as counsel for all of said persons and refused to subject them to arraignment, and made a motion to dismiss all proceedings relating to said citations, which motion was denied on April 9, 1953. Respondent then notified the attorney for petitioner that the arraignment would be held on Tuesday, April 14, 1953, and on said date Attorney Jerrett appeared as counsel for all defendants, refused to proceed with the arraignment and requested that all of the cases be postponed until after the instant mandamus proceeding had been heard and decided. He then served upon respondent copies of the petition for writ of mandate and points and authorities in support thereof.

Petitioner contends that he is entitled to a writ commanding that all of said complaints filed on March 11, 1953, be dismissed on the grounds of inexcusable delay, want of prosecution, and the denial of a right to a speedy trial. He cites Amendment VI of the Constitution of the United States, and section 13 of article I of the Constitution of California, which provide that in all criminal prosecutions the accused shall have the right to a speedy trial. He also cites subdivision 3

of section 1382 of the Penal Code which reads, in part, as follows:

"Sec. 1382. The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

. . . . . . . . . . . .

"3. Where the trial has been postponed upon the defendant's application, if the defendant in a misdemeanor case in an inferior court, is not brought to trial within 30 days after he is arrested and brought within the jurisdiction of the court, unless by his own neglect or failure to appear in court when his presence is lawfully required, his trial must be postponed . . ."

Respondent in reply contends that no complaints were filed until the filing of the complaint on March 11, 1953, and that there is no merit in petitioner's contention that he is entitled to a dismissal of the pending complaints.

Section 739 of the Vehicle Code outlines the procedure by which a person arrested for a violation of the code, but not taken immediately before a magistrate, must be served with a notice to appear in court in answer to the violations. Petitioner in the instant case was served with such notice. Vehicle Code, section 739.1, goes on to provide:

"Whenever written notice to appear has been prepared, delivered and filed with the court, as provided in Section 739 hereof, . . . an exact and legible duplicate copy of said notice when filed with the magistrate specified therein, in lieu of a verified complaint, shall notwithstanding the provisions of Section 1426 of the Penal Code, constitute a complaint to which the defendant may plead 'Guilty.'

"If, however, the defendant shall violate his promise to appear in court . . ., or shall plead other than 'Guilty' of the offense charged, a complaint shall be filed which shall conform to the provisions of said Section 1426, Penal Code, and which shall be deemed to be an original complaint, and thereafter proceeding shall be had as provided by law; provided, that a defendant may, by an agreement in writing, subscribed by him and filed with the court, waive the filing of a verified complaint and elect that the prosecution may proceed upon the written notice mentioned in Section 739 hereof."

█ It appears here that the petitioner-defendant pleaded other than "guilty" to the offenses charged, and further that he did not waive the filing of the complaint as provided under

section 739.1. Therefore, before the court could have had jurisdiction of the causes a complaint, or complaints, must have been filed in accordance with Penal Code, section 1426, before the court had any jurisdiction in the matter, or before it could be said that criminal proceedings were pending against petitioner. Section 1426 of the Penal Code was repealed by the Legislature in 1951, 1951 Statutes, chapter 1674, section 145, before this controversy arose. However, its substance was reenacted by 1951 Statutes, chapter 1674, section 6, now Penal Code, section 740, which reads as follows:

"Except as otherwise provided by law, all public offenses triable in the inferior courts must be prosecuted by written complaint under oath and subscribed by the complainant. Such complaint may be verified on information and belief."

As was stated in *Ralph* v. *Police Court*, 84 Cal.App.2d 257, 259 [190 P.2d 632]:

"Thus it is quite apparent that whether the arrested person is taken immediately before a magistrate, or is given a five-day notice to appear and pleads not guilty and does not waive the requirement, a complaint under section 1426 of the Penal Code 'must' be filed. Unless waived, as provided by statute, the filing of such complaint is essential to the jurisdiction of the police court. That has been the law of this state for many years. It was stated as follows in the case of *In re Williams*, 183 Cal. 11, 12 [190 P. 163]; 'It goes without saying that it is essential to the jurisdiction of a police court to put a person upon trial for a public offense that there should be on file therein a complaint charging such person with the commission of such offense.' (See, also, *People* v. *Brussel*, 122 Cal.App.Supp. 785 [7 P.2d 403].) It is also the law in other jurisdictions. ▮ The rule, supported by many authorities, is stated as follows in 22 Corpus Juris Secundum, pages 456, 457, section 303: 'The term "complaint" is a technical one descriptive of proceedings before magistrates. It is and has been defined to be the preliminary charge or accusation against an offender, made by a private person or an informer to a justice of the peace or other officer, charging that accused has violated the law. It has also been defined as a preliminary charge before a committing magistrate; . . . The complaint is the foundation of the jurisdiction of the magistrate, and it performs the same office that an indictment or information does in superior courts.' (See, also, cases collected 16 C.J. § 492 p. 286.)"

■ The rule is well established that all of the statutory provisions in all of the codes must be read together and harmonized if possible. As stated by our Supreme Court in *In re Porterfield*, 28 Cal.2d 91, at page 100 [168 P.2d 706, 167 A.L.R. 675]: "It is a well-recognized rule that for purposes of statutory construction the codes are to be regarded as blending into each other and constituting but a single statute. [Citing cases.]"

Sections 739 and 739.1 of the Vehicle Code set forth the procedure when a person is apprehended for an alleged traffic violation and this procedure is somewhat different from the procedure in other misdemeanor cases. The person arrested is served with a written notice to appear before the magistrate in answer to the alleged violation and a copy of said notice is filed with the magistrate. Section 739.1 provides further that if the defendant fails to appear or pleads other than guilty a complaint shall be filed "which shall be deemed to be an original complaint and thereafter proceedings shall be had as provided by law." Said section provides further that a defendant may by agreement in writing waive the filing of a verified complaint and elect to proceed upon the written notice.

In the instant matter no pleas of guilty were entered and no waivers of the filing of verified complaint were filed. Instead, as hereinbefore set forth, petitioner and the other persons cited first appeared and requested continuances, and later refused to plead and objected to proceeding before the court. Thereafter, on March 11, 1953, the complaints which petitioner now seeks to have dismissed by writ of mandate were filed, and petitioner and the other persons cited were ordered to appear on March 18, 1953. At that time counsel for petitioner refused to subject his clients to an arraignment and moved to dismiss the complaint and all proceedings relating to the citations, which motions were denied. Petitioner then filed the instant proceeding.

■ While it is true that both the state and federal Constitutions guarantee a speedy trial to every person accused of crime, we do not believe that the proceedings here attacked show that petitioner and the other persons cited have been deprived of any such right. Under section 739.1 of the Vehicle Code, which must be read in connection with subdivision 3 of section 1382 of the Penal Code, no criminal proceedings upon which a trial could be had were pending until the complaints were filed on March 11, 1953, and, this being so,

there is no merit in petitioner's contention that he and the other defendants were denied a speedy trial or were entitled to have the complaints dismissed either under the constitutional provisions hereinbefore referred to or under the provisions of subdivision 3 of section 1382 of the Penal Code.

No other points raised require discussion.

In view of the foregoing the alternative writ heretofore issued is discharged and the petition for a peremptory writ is denied.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied October 23, 1953, and petitioner's application for a hearing by the Supreme Court was denied November 24, 1953.