[Civ. No. 6448.   Fourth Dist.   Sept. 19, 1960.]

WILLIAM F. GAVIN, Appellant, v. MUNICIPAL COURT OF SAN DIEGO JUDICIAL DISTRICT, Respondent.

William F. Gavin, in pro. per., for Appellant.

Henry A. Dietz, County Counsel, and Joseph Kase, Jr., Deputy County Counsel, for Respondent.

COUGHLIN, J.—This is an appeal from an order dismissing and denying a petition for a peremptory writ of prohibition and discharging an alternative writ theretofore issued, entered after sustaining a general demurrer to the second amended petition, without leave to amend.

The petitioner, appellant herein, was arrested in the city of San Diego on November 25, 1959, for violation of Vehicle Code, section 22107, *i.e.*, moving left or right upon a roadway when unsafe. A notice to appear, usually referred to as a "citation," was issued by the arresting officer; required petitioner's presence before the respondent court on December 17, 1959; was signed by him, indicating his promise to appear; was filed; and otherwise complied with the law in the premises. (Veh. Code, §§ 40304, 40500-40502.) Petitioner appeared before the court on December 17, 1959, as scheduled, and denied that he had violated the Vehicle Code sections in question. On the next day a verified complaint was filed charging him with the traffic violation for which he was arrested. The petition contains no allegation that he waived the filing of such a complaint. The procedure thus followed was that prescribed by section 40513 of the Vehicle Code. To the charge contained in this complaint petitioner entered a plea of "not guilty"; stated that he would not waive the statutory time, *i.e.*, that prescribed by Penal Code, section 1382, subdivision 3; and requested that his trial be set within 30 days following his arrest. Nevertheless, and over his objection, the trial was set for January 11, 1960.

On January 8, 1960, pursuant to previous notice, petitioner moved the court to dismiss the proceedings upon the ground that he had not been tried within 30 days after his arrest as, he contends, is required by the aforesaid Penal Code section. His motion was denied. Thereupon he petitioned the trial court for a writ of prohibition to stay further proceedings in the respondent court. An alternative writ was granted; a demurrer to the petition was filed, heard and sustained; and eventually a general demurrer to a second amended petition was sustained without leave to amend. The judgment appealed from followed.

Pertinent parts of Penal Code, section 1382, sub-

division 3, provide that, "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . (3) When a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arrested *and brought within the jurisdiction* of the court. . . ." (Emphasis added.)

Petitioner was arrested on November 25, 1959, and contends that he was brought within the jurisdiction of the respondent court at the same time. A similar contention was considered and rejected in the case of *Rupley* v. *Johnson,* 120 Cal.App.2d 548 [261 P.2d 318], which held that a defendant cited for and charged with violating a Vehicle Code section, who pleads not guilty thereto and does not waive the filing of a complaint, is not brought within the jurisdiction of the court, as contemplated by Penal Code, section 1382, subdivision 3, until a verified complaint charging him with the offense in question has been filed. The court in the cited case based its decision upon the provisions of the Vehicle Code which then were contained in section 739.1 thereof, but which now, without material change, are set forth in section 40513 of that code. This decision is determinative of the issue presented to this court. Also in point are the cases of *Ralph* v. *Police Court,* 84 Cal. App.2d 257 [190 P.2d 632], and *People* v. *Agnew,* 110 Cal. App.2d Supp. 837 [242 P.2d 410]. The complaint against petitioner was not filed in the respondent court until December 18, 1959. The criminal proceeding which he sought to have dismissed was not pending in court until the complaint was filed. The trial date of January 11, 1960, was within the 30-day period prescribed by law.

Petitioner cites and relies upon the decision in *Herrick* v. *Municipal Court,* 151 Cal.App.2d 804 [312 P.2d 264]. This case is not in point in that the petitioner therein was arrested on April 3, 1956, for a violation of section 502 of the Vehicle Code; a complaint charging him with that violation was filed in court on April 6, 1956; he entered a plea of not guilty and the case was set for trial on June 8, 1956, *i.e.,* over two months after the complaint had been filed. The holding of the trial court in the cited case, insofar as it considered subdivision 3 of section 1382 of the Penal Code, was confined to a determination that a defendant who "has not been tried within the 30-day period" is entitled to a dismissal of the action against him unless good cause exists for the delay, and is not authority for the proposition that the petitioner there under consideration was brought within the jurisdiction of the traffic court at

the time of his arrest. (*Herrick* v. *Municipal Court, supra,* 151 Cal.App.2d 804, 807.)

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 16, 1960.