[Civ. No. 25684.   Second Dist., Div. Three.   Sept. 14, 1961.]

WILLIAM   MAX   BURNS,   Petitioner,   v.   MUNICIPAL
    COURT  FOR  THE  LOS  ANGELES  JUDICIAL  DIS-
    TRICT,  Respondent.

Richard  E.  Erwin  for  Petitioner.

Harold  W.  Kennedy,  County  Counsel,  William  E.  Lamo-
reaux,  Assistant  County  Counsel,  and  Donald  K.  Byrne,
Deputy  County  Counsel,  for  Respondent.

SPARKS, J. pro tem.*—Petitioner, William Max Burns, was arrested on March 29, 1961, by officers of the Los Angeles Police Department for an alleged violation of section 192 of the Penal Code and lodged in the Los Angeles city jail. On the same day he was released from custody on a writ of habeas corpus and upon posting a bail bond in the sum of $1,050. The undertaking recited his booking number and that he was to be held upon a charge of violation of section 192, subdivision 3, of the Penal Code. Said undertaking was further conditioned that the "defendant William Max Burns will appear and answer . . . the charge above mentioned in whatever Court it may be prosecuted and will, at all times, hold himself . . . amenable to the orders and processes of the Court, and if convicted will appear for pronouncement of judgment or grant of probation . . . ."

On March 31, 1961, a complaint was filed in respondent court charging petitioner with the commission of a misdemeanor, to wit: the violation of section 192 of the Penal Code. A warrant of arrest was issued on the same day and bail thereon fixed at $500, plus penalty assessment of $25. On April 4, 1961, a surety bond in the sum of $525 was submitted on behalf of petitioner, approved, and filed. On April 5, 1961, petitioner appeared in respondent court for arraignment on said complaint, entered a plea of "not guilty," and requested a trial by jury. The court thereupon made its order setting said case for trial on May 3, 1961. At the time petitioner made his plea of "not guilty" and his case was set for trial, he was not represented by an attorney, and the judge did not explain to petitioner his rights under section 1382 of the Penal Code of this state, and specifically of his right to have his case tried within the statutory limitation of 30 days.[1]

---

[1]Penal Code, section 1382, reads in part as follows: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . 3. When a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arrested and brought within the jurisdiction of the court . . .; except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 30-day period at the request of the defendant or with his consent, express or implied, or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or within 10 days thereafter.

"*If the defendant is not represented by counsel, he shall not be deemed under this section to have consented to the date for his trial unless the court has explained to him his rights under this section and the effect of his consent.*" (Emphasis added.)

*Assigned by Chairman of Judicial Council.

598

Since the 1959 amendment to said section, a defendant not represented by counsel is not deemed to have consented to the setting of his case for trial beyond the statutory period unless the court first explains to him his rights under that section and *the effect of his consent*. When consent is claimed it therefore must be affirmatively shown that the provisions of this section were complied with. ■ We hold that a mere entry in the court's docket that a defendant has been advised of his rights is not sufficient as a matter of law to show consent within the meaning of said section 1382. The burden is upon the party claiming waiver to prove it. (*Selna* v. *Selna*, 125 Cal. 357 [58 P. 16, 73 Am.St.Rep. 47]; *Mott* v. *Cline*, 200 Cal. 434 [253 P. 718].) Under such circumstances petitioner cannot be deemed to have consented to the date for his trial. (*Brewer* v. *Municipal Court*, 193 Cal. App.2d 510 [14 Cal.Rptr. 391].)

The mandate for speedy trials in criminal cases is of constitutional origin. "In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy . . . trial . . ." (Cal. Const., art. I, § 13.) "In all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . ." (U. S. Const., Sixth Amendment.) Section 1050 of the Penal Code of this state reads in part: "The welfare of the people of the State of California requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, . . ."

In further implementation of the constitutional provisions, the Legislature has provided in said section 1382 of the Penal Code for the mandatory dismissal of criminal actions if they are not brought to trial within fixed limits of time, unless good cause to the contrary is shown.

In felony cases, the time within which a defendant must be brought to trial in a superior court begins to run from the finding of the indictment, or filing of the information. (Pen. Code, § 1382, subd. 2.) In misdemeanor cases, paragraph 3 of section 1382, as originally enacted, started the time running as of the filing of the complaint.[2] This provision, although having its virtue for definiteness and certainty, was obviously impractical in cases where a complaint was filed

---

[2]Section 1382 of the Penal Code was amended in 1931 by the addition of a new subdivision numbered 3 reading: "If a defendant in a misdemeanor case in a justices court, whose trial has not been postponed upon his application, is not brought to trial within thirty days after the filing of the complaint."

first and a period of time elapsed before the defendant was arrested. In 1935, the Legislature amended the section, providing for trial within 30 days after the "defendant is arrested and brought within the jurisdiction of the court." Although there have been subsequent amendments to paragraph 3 the verbiage of "arrested and brought within the jurisdiction of the court" remains the same.

The rationale of the said section is, of course, to compel the state to afford speedy trials to defendants in criminal cases upon penalty of dismissal. However, until a court acquires jurisdiction to proceed no trial could be had and no justifiable objection made for lack of diligent prosecution.

"Jurisdiction" is generally construed to mean the power of a court to hear and determine, or power to act in a certain manner. (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715]; *Wadler* v. *Justice Court,* 144 Cal.App.2d 739 [301 P.2d 907]; *In re Meisner,* 30 Cal.App.2d 290 [86 P.2d 124]; *Ralph* v. *Police Court,* 84 Cal.App.2d 257 [190 P.2d 632].) It is synonymous with the power to render a valid judgment against a person.

To constitute jurisdiction in a criminal case there must be two elements, namely, jurisdiction of the person, and jurisdiction of the subject matter or, as it is sometimes called, of the offense. (*In re Johannes,* 213 Cal. 125 [1 P.2d 984].) Wharton's Criminal Law and Procedure, volume 4, section 1481, page 36: "In order that a crime may be prosecuted and judgment given, it is necessary that the trial court have jurisdiction of the subject matter and of the person of the defendant." (See also 22 C.J.S., Criminal Law, § 108, p. 299; Fricke, California Procedure [5th ed.], pp. 1, 2.)

Jurisdiction over the offense or subject matter is acquired when an action or proceeding is instituted by the filing of a complaint in a court in the jurisdictional territory,[3] competent to hear and determine the particular cause. Penal Code, section 740 reads, "Except as otherwise provided by law, all public offenses triable in the inferior courts must be prosecuted by written complaint under oath and subscribed by the complainant. Such complaint may be verified on information and belief." Section 949, Penal Code, reads in

[3]Penal Code, section 691, subdivision 3 reads: "The words 'jurisdictional territory' when used with reference to a court, mean the city and county, county, city, township or other limited territory over which the criminal jurisdiction of such court extends, as provided by law, and in case of a superior court mean the county in which such court sits."

part: ". . . The first pleading on the part of the people in all inferior courts is the complaint except as otherwise provided by law." Jurisdiction over a person in criminal cases is obtained by arrest either with or without a warrant (*People* v. *Martinez,* 180 Cal.App.2d 690 [4 Cal.Rptr. 829]; *People* v. *Valenti,* 49 Cal.2d 199 [316 P.2d 633]), or by the physical presence of a defendant before a court, regardless of how that presence is obtained. (*Ringer* v. *Municipal Court,* 175 Cal.App.2d 786 [346 P.2d 881]; *People* v. *Martinez, supra; People* v. *Sergent,* 183 Cal.App.2d 342 [6 Cal.Rptr. 576].) "Ordinarily jurisdiction over a person is based on the power of the sovereign asserting it to seize that person and imprison him to await the sovereign's pleasure." (Holmes, J., *Michigan Trust Co.* v. *Ferry,* 228 U.S. 346, 353 [33 S.Ct. 550, 57 L.Ed. 867, 874].) Accordingly, it has been held in a number of cases where a person was arrested without warrant in the territorial jurisdiction that he was "brought within the jurisdiction of the court" within the meaning of said section 1382, subdivision 3, upon filing of a complaint. In such instances the statutory time for setting the case for trial did not begin to run until the complaint was filed. (*Ralph* v. *Police Court, supra,* 84 Cal.App.2d 257; *Rupley* v. *Johnson,* 120 Cal.App.2d 548 [261 P.2d 318]; *Gavin* v. *Municipal Court,* 184 Cal.App. 2d 712 [7 Cal.Rptr. 732]; *Brewer* v. *Municipal Court, supra,* 193 Cal.App.2d 510.)

In *Rupley, supra,* the court stated at page 552: "Therefore, before the court could have had jurisdiction of the causes a complaint, or complaints, must have been filed in accordance with Penal Code, section 1426, before the court had any jurisdiction in the matter, or before it could be said that criminal proceedings were pending against petitioner." In *Gavin, supra,* at page 714, the court held: "The criminal proceeding which he sought to have dismissed was not pending in court until the complaint was filed. The trial date of January 11, 1960, was within the 30-day period prescribed by law."[4] More recently, this court considered the problem in *Brewer* v. *Municipal Court, supra.* In *Brewer,* the arrest preceded the filing of the complaint. The People contended that petitioner was not brought within the jurisdiction of the court

---

[4] In *Gavin, supra,* the defendant was arrested on November 25, 1959, for violation of Vehicle Code, section 22107, and was given a notice to appear before respondent court on December 17, 1959. Verified complaint was filed on December 18, 1959, charging him with a traffic violation for which he was arrested.

until he appeared before the court for arraignment. This contention was rejected, and we then held (p. 564) : ". . . [T]he time within which petitioner was entitled to a trial was 30 days from the filing of the complaint after his arrest and admission to bail. The action not having been set or called for trial until 31 days after the filing of the complaint, petitioner was entitled to have the action dismissed unless he had waived the right to an earlier trial." Jurisdiction attaches *eo instante* upon the filing of a complaint after an arrest without a warrant[5] in the jurisdictional territory. A defendant is "brought within the jurisdiction of the court" and the 30-day statutory period begins to run then as of the date of the filing of the complaint. By virtue of this holding no affirmative action by the court in the exercise of jurisdiction, such as admission to bail or the arraignment of a defendant, is required. We do not interpret the expression "brought within the jurisdiction of the court" to mean brought before the court or a magistrate thereof.

In the situation which occurs when the complaint is filed first, a warrant issued and the defendant subsequently arrested in the jurisdictional territory, he is then within the jurisdiction of the court. We therefore hold under such circumstances that a defendant is "brought within the jurisdiction of the court" as of the date of the arrest, the two necessary elements of jurisdiction having been satisfied, and the court having the power to proceed with the case.[6] (*Brewer v. Municipal Court, supra.*) To this extent we approve the formula enunciated by the attorney general of this state : ". . . the 30-day period runs from either the date of the arrest or the date upon which the complaint is filed, *whichever is the later in time.*" (Opinion of the Attorney General of California, vol. 35, pp. 196-198.) We do not hold, however, that when a warrant of arrest is served outside of the jurisdictional territory, i.e., in some other county or in another state where the offense is extraditable (U. S. Const., art. IV, § 2, clause 2; 21 Cal.Jur.2d § 15, p. 627) that the 30-day

[5]Municipal and justice courts generally have jurisdiction of misdemeanor cases where the offense charged is committed within the county in which the court is established. (Pen. Code, §§ 1462, 1425.) A misdemeanor arrest without warrant can only be made in the jurisdictional territory of the court. (Pen. Code, §§ 836, 837.)

[6]Penal Code, section 825, reads in part: "The defendant must in all cases be taken before the magistrate without unnecessary delay, and, in any event, within two days after his arrest, excluding Sundays and holidays; . . ."

period begins to run as of the date of arrest. Obviously, a defendant would either have to be returned in custody or constructively,[7] in order for the court to proceed with his case. Until the happening of either one of these events, delay in setting the case for trial could not be charged reasonably to the prosecution.

In the case now before us, 35 days intervened between the arrest of the defendant—33 days from the filing of the complaint—28 days from the second arrest on the warrant—28 days from his first appearance in court and arraignment, to the date of trial. Following the rule announced in the preceding cases, and for the reasons heretofore given, we conclude that petitioner was not brought to trial within the 30-day period fixed by statute. We do not find merit in the contention that petitioner was not arrested and brought within the jurisdiction of court until the warrant was served upon him. Jurisdiction of his person had already been obtained by the original arrest without warrant, and his admission to bail upon condition that he would appear and answer the charge in whatever court it might be prosecuted. It is, therefore, our decision that respondent court failed to set petitioner's case and bring him to trial within the time limit prescribed by section 1382, subdivision 3 of the Penal Code. The delay not having been occasioned by petitioner, and there being no consent or waiver on his part, it is ordered that a peremptory writ of prohibition issue restraining the respondent court from taking any further steps or proceedings, other than dismissal, in the case of *People of the State of California* versus *William Max Burns,* Defendant, Number 139667.

Shinn, P. J., and Ford, J., concurred.

---

[7]Penal Code, section 822 reads as follows: "If the offense charged is a misdemeanor and the defendant is arrested in another county, the officer must, upon being required by the defendant, take him before a magistrate in that county, who must admit him to bail in the amount specified in the indorsement referred to in Section 815a, and direct the defendant to appear before the court or magistrate by whom the warrant was issued on or before a day certain which shall in no case be more than 10 days after such admittance to bail. If bail be forthwith given, the magistrate shall take the same and indorse thereon a memorandum of the aforesaid order for the appearance of the defendant."