Opinion
REESE, J.
I. Introduction.
Defendant Thomas Jefferson Jackson, Jr., was tried in a court trial and was found guilty of violation of Penal Code section 647a (molestation of a minor).[1] He appeals from the judgment of conviction.
The case was tried in the Alhambra Judicial District which is located within Los Angeles County. The complaint alleged that the criminal act *Supp. 6 occurred in the Judicial District of Alhambra in the County of Los Angeles. After the defendant was found guilty, but before judgment was pronounced he moved for a new trial under Penal Code section 1181[2] and to arrest the judgment under section 1185. In his motions defendant argued that the court lacked jurisdiction since the victim “testified that the misdemeanor was committed on a fire road in the Thousand Oaks area” which is located in the County of Ventura. The trial court found the testimony inconclusive as to whether the crime had occurred in Los Angeles County or Ventura County, but reasoned that lack of jurisdiction was waived under Penal Code, section 1462.2 when defendant failed to raise this ground prior to trial. The court held: “All municipal courts in the State of California have subject matter [jurisdiction] over all misdemeanors committed in the State of California. Section 1462.2 defines territorial jurisdiction of the court and places territorial jurisdictions for the misdemeanors committed in that county, and that 1462.2 provides a procedure whereby if an action is filed in a county not having territorial jurisdiction then the case should be transferred. But absent that procedure 1462.2 provides that that trial court, once a trial has commenced, can hear that trial to its conclusion, and that is the court’s holding.” The court denied both motions.
On appeal defendant argues that the trial court lacked jurisdiction to hear the case since the “prosecution failed to meet its burden of proving venue in [the Alhambra Judicial District].” He asks this court to take judicial notice that the alleged location of the crime testified to by the victim is in Ventura County.
II. Discussion of Subject Matter Jurisdiction, Territorial Jurisdiction and Venue.
In order to resolve the issue on appeal it is first necessary to analyze the concept of “jurisdiction.” “[T]he term ‘jurisdiction,’ ‘used continuously in a variety of situations, has so many different meanings that no single statement can be entirely satisfactory as a definition.’” (Brock v. Superior Court (1947) 29 Cal.2d 629, 631 [177 P.2d 273, 170 A.L.R. 521].) Generally, the term “jurisdiction” means “the power of a court to hear and determine, or power to act in a certain manner. [Citations.]” (Burns v. Municipal Court (1961) 195 Cal.App.2d 596, 599 [16 Cal.Rptr. 64].)
The jurisdictional power of a court to act is conceptually divided into subject matter and territorial jurisdiction. Subject matter jurisdiction exists “only if the court has authority to adjudicate the type of controversy *Supp. 7 involved in the action.” (Rest.2d Judgments, § 11.) Sometimes this type of jurisdiction is referred to as “competency” of the court to act. (Id., at com. a, p. 109.) For example, the words “competent court” under the Penal Code “when used with reference to the jurisdiction over any public offense, mean any court the subject matter jurisdiction of which includes the offense so mentioned.” (Pen. Code, § 691, subd. 2.) In criminal cases in California the type of controversy over which municipal courts have subject matter jurisdiction is a misdemeanor offense as opposed to a felony which instead is within the subject matter jurisdiction of superior courts. (People v. Jones (1964) 228 Cal.App.2d 74, 82 [39 Cal.Rptr. 302].)
Contrasted to “subject matter jurisdiction” is “territorial jurisdiction.” (Rest.2d Judgments; supra, §11, com. b.) The Restatement defines this term as the “connection between the territorial authority of the court and the action that has been brought before the court.” (Id., p. 22.) Penal Code section 691, subdivision 3 defines the words “jurisdictional territory” which when used with reference to a court to mean “the city and county, county, city, township or other limited territory over which the criminal jurisdiction of such court extends, as provided by law, and in case of a superior court [to] mean the county in which such courts sits.”
Sometimes territorial jurisdiction is indistinguishable from subject matter jurisdiction. “Whatever term is used, the concept of authority to decide a particular type of legal controversy is sometimes difficult or impossible to distinguish from that of territorial jurisdiction. For example, when reference is made to a court’s authority to determine a matter of status or to determine interests in property, it can be said that the state’s connection to the status or the property is a matter of territorial jurisdiction or that it is one of subject matter jurisdiction. Indeed, sometimes the distinction can be intelligently made only by consideration of the differences in consequence that follow from the classification. If the matter is regarded as one of territorial jurisdiction, it is waived by a party who appears in the original action if he does not make proper threshold objection. If the matter is regarded as one of subject matter jurisdiction, the parties do not inevitably waive it by litigating the merits and the court may raise the question on its own motion. The classifications arrived at by the courts do not appear to be wholly consistent.” (Rest.2d Judgments, supra, at p. 28.) California recognizes this procedural difference of waiver between subject matter and territorial jurisdiction. “[A]lthough subject-matter jurisdiction cannot be conferred on a court by consent of the parties, territorial jurisdiction can be so conferred.” (People v. Tabucchi (1976) 64 Cal.App.3d 133, 141 [134 Cal.Rptr. 245].)
Despite California’s recognition of the distinction between these two terms, at times the distinction is blurred. For example, in Burns v. Munic *Supp. 8 ipal Court, supra, 195 Cal.App.2d 596, the court stated: “To constitute jurisdiction in a criminal case there must be two elements, namely, jurisdiction of the person, and jurisdiction of the subject matter or, as it is sometimes called, of the offense. (In re Johannes, 213 Cal. 125 [1 P.2d 984].) Wharton’s Criminal Law and Procedure, volume 4, section 1481, page 36: ‘In order that a crime may be prosecuted and judgment given, it is necessary that the trial court have jurisdiction of the subject matter and of the person of the defendant.’ (See also 22 C.J.S., Criminal Law, § 108, p. 299; Fricke, California Procedure [5th ed.], pp. 1, 2.)
“Jurisdiction over the offense or subject matter is acquired when an action or proceeding is instituted by the filing of a complaint in a court in the jurisdictional territory, competent to hear and determine the particular cause.” (P. 599, fn. omitted.) Burns by including “territorial jurisdiction” as a subcategory of “subject matter jurisdiction” along with “competency” of the court, presents a conceptual difficulty. As subject matter jurisdiction may not be waived, then territorial jurisdiction, which Burns appears to make part of subject matter jurisdiction, also could not be waived contrary to the rule that it is waivable.
A different treatment of the subject of jurisdiction was given in People v. Mulholland (1940) 16 Cal.2d 62 [104 P.2d 1045]. The court examined former section 1425 which set out the jurisdiction of justices’ courts. Prior to 1929 the section stated: “ ‘ “The Justices’ Courts have jurisdiction of the following public offenses committed within the respective counties in which said courts are established . . . . ” ’” (P. 66.) The section was subsequently amended leaving in the designation of the public offenses, but deleting the territorial designation. The court characterized the amended version of the section as “‘[defining] subject-matter jurisdiction only, and . . . not [mentioning] territorial jurisdiction.’” (Ibid.) Mulholland in treating territorial jurisdiction separately from subject matter jurisdiction avoids the conceptual difficulty of Bums. To reconcile Burns with Mulholland and the rule that territorial jurisdiction may be waived, Burns’ division of subject matter jurisdiction into “competency” of the court and “territorial jurisdiction” would have to be construed to mean that “competency” is the fundamental, nonwaivable aspect of jurisdiction and “territorial jurisdiction” is the non-fundamental, waivable aspect of jurisdiction.
In addition to territorial jurisdiction sometimes being indistinguishable from subject matter jurisdiction, the term also is used to mean “venue.” In California these two terms merge because the basic venue statute for criminal offenses places venue in the “jurisdictional territory” where the offense was committed. The “local jurisdiction of public offenses” is set out in the Penal Code in title 3, chapter 1. The basic venue statute, *Supp. 9 section 777, states: “Every person is liable to punishment by the laws of this State, for a public offense committed by him therein, except where it is by law cognizable exclusively in the courts of the United States; and except as otherwise provided by law the jurisdiction of every public offense is in any competent court within the jurisdictional territory of which it is committed.” “Thus, in the absence of statutory provisions to the contrary, venue must be laid in the jurisdiction where the offense is committed. [Citations.]” (Italics omitted.) (Jackson v. Superior Court (1970) 13 Cal.App.3d 440, 444 [91 Cal.Rptr. 565, 46 A.L.R.3d 290].) The court in People v. Jones, supra, 228 Cal.App.2d 74, characterized California’s venue statute as follows: “Defendants’ second contention involving jurisdiction is that the court below did not have venue. ... It should be pointed out that here we are concerned with statutory jurisdictional venue, and not with subject matter jurisdiction. The statutes require the trial of most offenses in the locality in which they were committed and they refer to the proper locality as the ‘jurisdictional territory.’ [Citations.]” (P. 85.)
This merging of “territorial jurisdiction” and “venue” blurs the conceptual distinction between these two terms. The Restatement Second cautions that the rules of these two terms are to be distinguished from each other. “The rules of territorial jurisdiction are to be distinguished from rules of venue. . . . The former are rules determining whether a state may adjudicate a matter at all, while the latter are rules determining which court within the state is the proper forum.” (Rest.2d Judgments, § 4, com. h, p. 62.)
Sometimes the rules of venue are deemed to be rules of subject matter jurisdiction. “[Rules prescribing the proper forum for an action] are usually construed as ones of venue, but sometimes are regarded as rules of inter-district jurisdiction over subject matter within the state. If such a provision is deemed one of venue, its benefit must be invoked at the preliminary stage of an action or it is waived. If it is deemed one of subject matter jurisdiction, it usually can be invoked at any time during the action and may be a basis for attacking a judgment after it has been rendered. The tendency of the decisions is to treat such provisions as ones of venue, particularly as they are applied to trial courts of superior as distinct from inferior jurisdiction.” (Id., at p. 63.) As will be discussed, the territorial restriction imposed on municipal courts in California in criminal cases does not set out subject matter jurisdiction.
The term “territorial jurisdiction” when used in reference to specific territories within a state is to be distinguished from the state-wide territorial restriction imposed on a court. This latter type of restriction is sometimes referred to as “judicial jurisdiction of the subject matter, ...” (Witkin, *Supp. 10 Cal. Criminal Procedure, § 38, p. 41) or simply as “ ‘subject matter’ jurisdiction” (see People v. Tabucchi, supra, 64 Cal.App.3d at p. 140, fn. 3). Thus, while an inferior court may be competent to try a misdemeanor offense, if the offense occurs outside the territory of the state, the court lacks jurisdiction over the offense. (Witkin, supra, at p. 41.)
III. The Jurisdictional Issue in the Instant Case.
The issue on appeal of whether the trial court had jurisdiction to hear the case exists because of the conceptual difficulties previously discussed as to the various meanings of “jurisdiction.” An analysis of Penal Code sections 1462 and 1462.2 illustrate how these conceptual difficulties arise. Section 1462 states: “Each municipal and justice court shall have jurisdiction in all criminal cases amounting to misdemeanor, where the offense charged was committed within the county in which such municipal or justice court is established except those of which the juvenile court is given jurisdiction and those of which other courts are given exclusive jurisdiction. Each municipal and justice court shall have exclusive jurisdiction in all cases involving the violation of ordinances of cities or towns situated within the district in which such court is established.”
Section 1462.2[3] states: “Except as otherwise provided in the Vehicle Code, the proper court for the trial of criminal cases amounting to misdemeanor shall be determined as follows: Any municipal or justice court, having jurisdiction of the subject matter of the case, established in the county within which the offense charged was committed, is the proper court for the trial of the case; otherwise, the court having jurisdiction of the subject matter, nearest to the place where the offense was committed, is the proper court for the trial of the case.
“If an action or proceeding is commenced in a court having jurisdiction of the subject matter thereof other than the court herein designated as the proper court for the trial, the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he pleads, requests an order transferring the action or proceeding to the proper court. If after such request it appears that the action or proceeding was not commenced in the proper court, the court shall order the action or proceeding transferred to the proper court. The judge must, at the time of arraignment, inform the defendant of his right to be tried in the district wherein the offense was committed.”
Decisive of the issue on appeal is the meaning to be given to the language in section 1462 stating that a municipal court in criminal cases “shall have *Supp. 11 jurisdiction . . . where the offense charged was committed in the county in which such municipal . . . court is established. ” If the term “jurisdiction” is used in a fundamental, subject matter jurisdictional sense, then the territorial restriction could not be waived. This would directly conflict with and nullify section 1462.2 which contemplates that the county-wide territorial restriction may be waived. Section 1462.2 designates a municipal court to be a proper court if located in the county where the misdemeanor occurred, but provides for a court other than “the proper court” to hear the case absent a timely objection by defendant. If the term “jurisdiction” as used in section 1462 in reference to the countywide territorial restriction is used in a nonfundamental sense, then the restriction could be waived. The provisions of section 1462.2 providing for waiver of county wide territorial restrictions would then be given full effect.
Witkin in his treatise on criminal procedure takes the position that “if the charge is brought in a competent court (i.e., superior court for felonies, inferior court for misdemeanors), that court, no matter where located in the state, may have subject matter jurisdiction of the offense.” (Witkin, Cal. Criminal Procedure, § 64.) A contrary position is taken in the California Municipal and Justice Courts Manual, California Center for Judicial Education and Research (2d ed. 1981), which states:
“B. Subject Matter Jurisdiction
“1. [§ 5.28] Misdemeanors
“The municipal and justice courts have jurisdiction in every criminal case amounting to a misdemeanor if the offense charged was committed within its county, except cases in which the juvenile court is given jurisdiction (see Welf & I C § 603, and discussion in § 11.44) or other courts are given exclusive jurisdiction (Pen C § 1462). On felony preliminary hearings, see §§ 11.54-11.58.
“For further discussion, see California Misdemeanor Procedure Benchbook §§ 5.11, 12.1, 18.2 (CCJ-CEB 1975).” (P. 104.)
IV. The Territorial Restriction of Section 1462 Is Not Fundamental.
We find the territorial restriction in section 1462 to be in the nature of “territorial jurisdiction” and not “subject matter jurisdiction. ” Thus, a municipal court has subject matter jurisdiction over misdemeanor offenses even if located outside the county where the offense was committed. Under this interpretation section 1462 is construed as imposing two different con *Supp. 12 cepts of jurisdiction on municipal courts in criminal matters.[4] The statutory language stating that municipal courts “shall have jurisdiction in all criminal cases amounting to misdemeanor ...” is construed as the granting of a fundamental power to act, i.e., “subject matter jurisdiction” or “competency.” Municipal courts have subject matter jurisdiction over misdemeanor offenses. (People v. Jones, supra, 228 Cal.App.2d at p. 82.) The language stating that a municipal court “shall have jurisdiction . . . where the offense charged was committed within the county in which such municipal . . . court is established ...” is construed as setting out a nonfundamental power to act, i.e., territorial jurisdiction.
We rely on a number of factors in our decision to adopt this interpretation of section 1462. In other provisions of the Penal Code the Legislature in describing a court’s jurisdiction separately refers to subject matter jurisdiction and territorial jurisdiction. As noted previously, the basic definitions to these two concepts of jurisdiction are given in Penal Code section 691. A court is “competent” if it has subject matter jurisdiction over the offense (§ 691, subd. 2) and a court’s “criminal jurisdiction” over a “limited territory” is deemed to be the court’s jurisdictional territory” (§ 691, subd. 3). This division of jurisdiction is utilized in California’s venue provisions. The proper venue of a case is determined by the court’s subject matter jurisdiction (i.e., competency) and the court’s jurisdictional territory (i.e., limited territory over which the court’s jurisdiction extends). (Pen. Code, tit. 3, ch. 1, § 777 et seq.) Section 1462.2 which also sets out the proper venue of a case (People v. Clark (1971) 17 Cal.App.3d 890, 897 [95 Cal.Rptr. 411]) differentiates between subject matter jurisdiction and territorial jurisdiction. Section 1462.2 refers to a municipal court “having jurisdiction of the subject matter [of an action or proceeding]” even though the court is not located in the county where the offense is committed. The “dual jurisdiction” interpretation of section 1462 maintains the jurisdictional distinctions embodied in the Penal Code.
Under the principles of statutory construction we are required, if possible, to interpret statutory language in such a manner as to give it meaning and a useful function. (Smith v. Municipal Court (1959) 167 Cal.App.2d 534, 538 [334 P.2d 931].) Our interpretation would give meaning and purpose to the provision in section 1462.2 allowing a defendant to “waive” his objection to the territorial restriction if not timely raised. Another provision of section 1462.2 is also given meaning and purpose with our interpretation. Under section 1462.2 a municipal court which is located in the county where a misdemeanor is committed is deemed to be a “proper court” to try the case. The second paragraph in section 1462.2 describes which courts other *Supp. 13 than those designated as “proper courts” could try a case when a defendant does not timely object. The only restriction imposed is that these courts have “jurisdiction of the subject matter.” If the territorial restriction in section 1462 is deemed to be subject matter jurisdiction, then this provision of section 1462.2 would be meaningless since no court outside the county where the misdemeanor was committed could ever have subject matter jurisdiction over the offense.[5]
The “dual jurisdiction” interpretation would also avoid a similar problem in the implementation of section 1034. Under section 1034 a court is required on its own motion or on motion of any party to order a change of venue to a judicial district in an adjoining county if it is impossible to secure a jury to try the cause in the judicial district where trial was set to proceed. This section would serve no useful function if defendant could later attack the judgment rendered in the adjoining county to where the case was transferred.
Witkin in his treatise on Criminal Procedure discusses the venue of criminal actions and makes the following observation: “The question remains whether the court of the wrong county lacks subject matter jurisdiction (supra, § 24), or merely acts in excess of its jurisdiction (supra, § 28), by attempting to try the defendant over objection. On principle, it would seem that the defect is only excess of jurisdiction. If the court totally lacked subject matter jurisdiction, no change of venue from the locality could be valid, for subject matter jurisdiction cannot be conferred on a court; and a judgment of conviction would be wholly invalid and subject to collateral attack at any time, as in the case of conviction of a crime committed outside *Supp. 14 the territorial borders of the state. (See supra, § 39.) These absurdities disappear if violation of a rule of ‘local jurisdiction’ is regarded as an act in excess of jurisdiction, which may be directly attacked by a timely challenge, but does not render the judgment wholly void.” (Witkin, Cal. Criminal Procedure, § 64, p. 63.) A “dual jurisdiction” interpretation would avoid this absurdity. Where the Legislature provides for the transfer of a case from one designated territory to another, a statutory interpretation defeating this right of transfer is disfavored. (See In re Application of Luna (1927) 201 Cal. 405, 412 [257 P. 76].)
Another factor favoring a “dual jurisdiction” interpretation is that sometimes due process requires that a defendant be allowed to waive the countywide jurisdiction of a court in order to receive a fair trial. This principle was expressed in the case of Groppi v. Wisconsin (1971) 400 U.S. 505 [27 L.Ed.2d 571, 91 S.Ct. 490]. In Groppi the court examined the constitutional validity of a state law of Wisconsin which “categorically prevents a change of venue for a criminal jury trial, regardless of the extent of local prejudice against the defendant, on the sole ground that the charge against him is labeled a misdemeanor.” (P. 508 [27 L.Ed.2d at p. 574].) The defendant was charged with a misdemeanor committed in the City of Milwaukee. He was brought to trial in a Milwaukee County court and he moved for change of venue “ ‘to a county where community prejudice against . . . defendant [did] not exist and where an impartial jury trial [could] be had.’” (P. 506 [27 L.Ed.2d at p. 573].) The motion was denied because Wisconsin law did not permit a change of venue in misdemeanor cases. Groppi held the statute to be unconstitutional in violation of the right to an impartial jury guaranteed by the Fourteenth Amendment. (P. 510 [27 L.Ed.2d at p. 575].)
If the nonwaivable subject matter jurisdiction of municipal courts is deemed to be countywide, then contrary to the principle of Groppi, a defendant would be precluded from having the case heard by a court located in a county other than where the crime was committed. The “dual jurisdiction” interpretation avoids this clash with Groppi.
As waiver is a key distinguishing factor between subject matter and territorial jurisdiction, understanding why subject matter may not be waived provides further support of the “dual jurisdiction” interpretation. The basis of the rule that subject matter jurisdiction may not be waived is historical.
“A more satisfactory analysis of the treatment of the objections to subject matter jurisdiction is simply historical. The proposition that the subject matter jurisdiction of a court could be questioned in an attack after judgment originally found expression in the English common law courts in cases dealing with judgments of courts of limited jurisdiction. It was reinvigorated in *Supp. 15 early decisions of our federal courts in the course of cases involving their own jurisdiction, which was then new and regarded with some hostility. In these contexts, the interest of securing rigorous adherence to jurisdictional limitations was a strongly predominant policy consideration. It was one that therefore could appropriately be given precedence over the interest of fairness that would otherwise dictate that a challenge to subject matter jurisdiction ought to be unavailable unless raised before trial on the merits. In modern context, the relative weight of these interests has shifted. See § 12. It may well be that procedural rules of the future will be reformulated to require that objections to subject matter jurisdiction be raised before trial on the merits, thus expressing a policy approaching that now applied to objections to territorial jurisdiction. See § 10.” (Rest.2d, Judgments, supra, at § 11, com. d, p. 111.)
A policy of “rigorous adherence to jurisdictional limitations” is not apparent in California regarding the county-wide territorial restriction. This is evident in Penal Code section 1462.2 which allows waiver of the territorial restriction and section 1034 which allows a court outside the county of the misdemeanor to try the offense. The absence of a policy of rigorous adherence in the imposition of the county-wide territorial restriction underlines the lack of the fundamental nature of the restriction.
We note that a different interpretation of section 1462 may have been warranted had the Legislature not amended section 1462.2 in 1979 to designate the proper venue to be the “county” rather than the “district” of the crime. After the 1979 amendment, section 1462.2 made the countywide territorial restriction waivable and treated subject matter jurisdiction distinct from the county wide territorial restriction. Absent these factors a stronger showing could have been made in support of a contention that the countywide territorial restriction of section 1462 set out a court’s subject matter jurisdiction.
V. The Trial Court Correctly Rejected Defendant’s Objection to Lack of the Court’s Territorial Jurisdiction.
While we have determined that the territorial restriction of section 1462 defines a municipal court’s waivable “territorial jurisdiction” rather than its nonwaivable “subject matter jurisdiction,” the question remains as to whether the trial court’s denial of defendant’s motions to arrest the judgment and for a new trial was proper. The trial court incorrectly reasoned that under section 1462.2 once the trial commenced a defendant is precluded from raising an objection to the court’s lack of “territorial jurisdiction.” Section 1462.2 is not applicable to those situations where the prosecution during trial fails to prove venue as alleged in the complaint. It *Supp. 16 is the prosecution’s burden to prove venue. (People v. Pollock (1938) 26 Cal.App.2d 602, 604 [80 P.2d 106]; Witkin, supra, Cal. Criminal Procedure, § 66.) Prior to trial a defendant is unaware whether the prosecution will meet its burden to prove venue. In this case, the accusatory pleading alleged that the court was located in the county where the crime was committed. However, the location of the crime is a question of fact to be determined by the trier of fact. This principle was discussed in People v. Witt (1975) 53 Cal.App.3d 154, 167 [125 Cal.Rptr. 653] where the court stated: “The first overt act was alleged to have occurred in Tulare County. The evidence supported that allegation, and the jury found as a fact that the act had occurred there. It is settled that territorial jurisdiction in a criminal case depends upon the acts committed rather than upon the form of the accusatory pleading (People v. Powell (1967) 67 Cal.2d 32, 62 [59 Cal.Rptr. 817, 429 P.2d 137]), and the question of territorial jurisdiction is a question of fact to be determined by the trier of fact (People v. Jones, supra, 228 Cal.App.2d at pp. 86-87; People v. Megladdery, supra, 40 Cal.App.2d at p. 762).” Defendant was entitled to raise the venue issue after the trial had commenced.
Defendant sought to bring his venue objection to the court by two motions. The court’s denial of defendant’s motion to arrest the judgment was proper. The lack of territorial jurisdiction or venue did not appear on the face of the accusatory pleading so defendant was precluded from raising this issue under a motion to arrest judgment. In People v. Megladdery (1940) 40 Cal.App.2d 748, 762 [106 P.2d 84], the court refused to consider a venue objection raised in a motion to arrest the judgment stating: “It is well-settled in other states that a motion in arrest of judgment can be based only on matters of record, and that defects which appear only by the aid of evidence cannot be the subject of such a motion. It is also well-settled that the objection that proper venue has not been proved must be based on the evidence and therefore cannot be urged in arrest of judgment (16 Cor. Jur., p. 1255, secs. 2782, 2784).”
 Although the defendant could raise the venue motion in a motion for a new trial (ibid.), the court’s denial of defendant’s motion for a new trial was proper. The court found the testimony equivocal as to where the molestation occurred. However, in order to establish venue in Los Angeles County the court did not have to determine the location of the offense. The victim testified that he met defendant when he started playing in his school band at Agoura High School. A relationship developed between defendant and the victim during and after school hours. Sometimes the victim stayed overnight at defendant’s residence in Temple City. During this relationship the defendant encouraged the victim to participate in homosexual activities. One day in May of 1981 around 4 or 4:30 the defendant was driving the victim to his home in Westlake Village. While driving on Thou *Supp. 17 sand Oaks Boulevard defendant asked the victim if he would like to check into a motel. When the victim declined defendant drove one-half or one mile off Thousand Oaks Boulevard onto a fire road and molested the victim in the car. Defendant then drove the victim home.
Since the defendant drove the victim to an unidentifiable location where defendant committed the offense in the car the trial court in this case did not need to determine whether the offense was committed in Los Angeles or Ventura County in order to establish venue. The court only needed to find that the car passed through Los Angeles County at some point during its trip. Under Penal Code section 783 if an offense is committed in a car “the jurisdiction is in any competent court, through, on, or over the jurisdictional territory of which the . . . car . . . passes in the course of its . . . trip, or in the jurisdictional territory of which the . . . trip terminates. ” “It is the rule that venue need not be shown by direct evidence; circumstances may establish venue. [Citations.] Furthermore, venue need not be proved beyond a reasonable doubt but only by a preponderance of the evidence. [Citation.]” (People v. Arline (1970) 13 Cal.App.3d 200, 203 [91 Cal.Rptr. 520].) As the contacts between the defendant and the victim usually occurred at school or at defendant’s residence, circumstantial evidence is sufficient to establish that defendant was driving the victim home either from school or defendant’s residence. We take judicial notice that these three locations are within Los Angeles County and Thousand Oaks Boulevard partially lies within Los Angeles County.
VI. Defendant’s Remaining Contentions.

*

The judgment is affirmed.
Bernstein, Acting P. J., concurred.

The defendant was found not guilty of two other charges for the same offense with the same victim.

All references to sections are to those in the Penal Code.

The word “county” used in the first paragraph of section 1462.2 was inserted in place of the word “district” in a 1979 amendment.

Hereinafter, this interpretation is referred to as the “dual jurisdiction” interpretation.

Penal Code section 1462.2 was amended to change “district” to “county” by enacted Assembly Bill No. 1845 (1979-1980 Reg. Sess.) along with amendments to sections 850 and 976. The purpose of the bill was stated to be as follows:
“Under existing law a defendant in custody in one jurisdiction may be held at the request of another jurisdiction with an outstanding warrant against such defendant.
“This bill would require the jurisdiction in which defendant was held to obtain immediately and to deliver a copy of such warrant to defendant and to inform him of certain rights.
“The purpose of the bill is to inform defendants of these outstanding warrants so that unnecessary ‘holds’ may be avoided.” (See Sen. Com. on Judiciary Rep. on Crim. Procedure-Outstanding Warrants, p. One (1979-1980 Reg. Sess.).)
Comments to the bill include references to Penal Code sections 858.7 and 822 in order to illustrate how the elimination of the holding period would be beneficial under the criminal procedures set out in those sections allowing a municipal court outside the county where the crime was committed to accept a guilty or nolo contendere plea and sentence the defendant on a Vehicle Code violation or admit a defendant to bail on a misdemeanor offense. No specific comment was made on why the designation of the proper court for trial in section 1462.2 had to be amended to “county” in place of “district.” It is unclear why the amendment of section 1462.2 was needed in order to implement the purpose of the bill to avoid unnecessary holds imposed on a defendant in one jurisdiction because of warrants issued by another jurisdiction.

Not certified for publication. See footnote, ante, page Supp. 1.