[No. B008055. Second Dist., Div. Five. Dec. 19, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN THOMAS SMEAD, Defendant and Appellant.

**COUNSEL**

Richard A. Walton and Robert Sheahen for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Susan D. Martynec and Terry T. Fujimoto, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ASHBY, J.**—Appellant was charged in three counts with possession for sale of cocaine, possession for sale of methaqualone and possession for sale of marijuana. After denial of his motion under Penal Code section 1538.5 to suppress evidence seized pursuant to a search warrant, he pleaded guilty to counts I and II and was sentenced to state prison. He appeals pursuant to Penal Code section 1538.5, subdivision (m).

The evidence against appellant was seized pursuant to a search warrant which authorized the search of his residence in the City of Long Beach, County of Los Angeles, for cocaine and paraphernalia associated with the sale of cocaine. Appellant did not contest probable cause for issuance of the warrant. His counsel stated at the commencement of the Penal Code section 1538.5 hearing that the motion was directed to the execution of the warrant, and numerous witnesses testified on the issue whether the officers who executed the warrant complied with the knock and notice provisions of Penal Code section 1531. The warrant, but not the search warrant affidavit, was introduced into evidence.

In arguing the motion, however, defense counsel raised an additional issue, which he called a "territorial problem." The search warrant had been sought by an officer of the Police Department of the City of South Gate. It was issued by a magistrate sitting in the municipal court of the Southeast Judicial District of Los Angeles County. The City of Long Beach is in a different judicial district of the County of Los Angeles. Appellant contended below, and reiterates here, that in the absence of a specific showing that

South Gate police expected to find evidence in Long Beach of a crime committed in South Gate, the magistrate lacked authority to issue a valid search warrant for a location outside the Southeast Judicial District.

■ The trial court properly denied appellant's motion. It is established that a search warrant may be issued and served anywhere in the county of the issuing magistrate. Appellant cites no authority which restricts a search warrant to the particular judicial district in which the magistrate sits.

Penal Code section 1528, subdivision (a), requires a magistrate who is satisfied that probable cause exists to issue a search warrant "to a peace officer *in his county,* commanding him to forthwith search the person or place named . . . ." (Italics added.) Section 1529 specifies the form for the search warrant, which commences: "County of _____ [¶] The people of the State of California to any sheriff, constable, marshal, or policeman in the County of _____ . . . ." Section 1530 authorizes service of the warrant by any of the officers mentioned in its direction. (See *People* v. *Emanuel* (1978) 87 Cal.App.3d 205, 211-212 & fn. 3 [151 Cal.Rptr. 44].)

Other provisions also suggest the jurisdiction, at least in the fundamental sense, of municipal courts over offenses committed within the county. (See Pen. Code, §§ 1462, 1462.2; *People* v. *Jackson* (1983) 150 Cal.App.3d Supp. 1, 10-11 [198 Cal.Rptr. 135].) Taking all these provisions together, the Penal Code clearly establishes the authority of a magistrate to issue a search warrant within the magistrate's own county.

A case squarely in point is *People* v. *P. P. G., Inc.* (1978) 88 Cal.App.3d Supp. 12, 17 [151 Cal.Rptr. 531], where a magistrate of the municipal court for the Los Angeles Judicial District issued a search warrant for properties located in the City of Monrovia, which was part of the Santa Anita Municipal Judicial District. (*Id.,* at pp. 15-16.) The court rejected the defendant's argument that the magistrate had no authority to issue a search warrant for execution outside his judicial district. The court relied not only on the Penal Code provisions but also upon the principle that California judicial officers in their role as magistrates act independently from the jurisdiction of the court on which they sit. (See Pen. Code, § 808.) They derive their powers and jurisdiction from the Constitution, operating with the acts of the Legislature on the subject. (*Id.,* 88 Cal.App.3d Supp. at p. 17; *People* v. *Fleming* (1981) 29 Cal.3d 698, 703, fn. 3 [175 Cal.Rptr. 604, 631 P.2d 38].)

Appellant wholly misplaces his reliance upon a line of cases involving the circumstances under which a magistrate may issue a warrant for a search in *another county.* (*People* v. *Fleming, supra,* 29 Cal.3d at pp. 703-707, and cases cited.) In *Fleming,* at page 707, the court held "that a magistrate

has jurisdiction to issue an out-of-county warrant when he has probable cause to believe that the evidence sought relates to a crime committed within his county and thus pertains to a present or future prosecution in that county." (Fn. omitted.) The instant case, however, involves a warrant within the magistrate's county and there is no reason to require the same showing for different judicial districts as for out-of-county warrants.[1]

The judgment is affirmed.

Feinerman, P. J., and Hastings, J., concurred.

A petition for a rehearing was denied January 13, 1986, and appellant's petition for review by the Supreme Court was denied March 19, 1986.

---

[1]The record does not support the specter paraded in appellant's brief of officious intermeddlers investigating crimes solely of concern to other jurisdictions at the far reaches of a county. The background circumstances of the instant investigation are omitted from the record, since appellant did not contest probable cause and neither party introduced into evidence the affidavit for search warrant or cross-examined the affiant officer about these circumstances. It is highly unlikely that the case had no connection at all to crimes committed or suspected in South Gate. Appellant might, for example, have been suspected of selling or offering to sell drugs in South Gate even if his primary stash was his residence in Long Beach. (See, e.g., *People* v. *Emanuel, supra,* 87 Cal.App.3d at pp. 209-210.)