[No. A040989. First Dist., Div. Four. Nov. 30, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY DANTZLER, Defendant and Appellant.

## COUNSEL

Darryl S. Fried, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, and Gerald A. Engler and Peter Crook, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ANDERSON, P. J.**—Defendant Anthony Dantzler (appellant) appeals from a judgment of conviction entered upon a guilty plea. The relevant facts leading to the conviction are virtually undisputed and may be summarized as follows.

Between December 12 and 15, 1986, Sergeant Kitt Crenshaw of the Narcotics Division of the San Francisco Police Department was contacted by a confidential, reliable informant who advised him that large amounts of cocaine were being sold from a residence located at 1050 St. Francis Boulevard, No. 1016, in Daly City, California. On December 18, 1986, Sergeant Crenshaw presented an affidavit for a search warrant to a municipal court judge in San Francisco. After reviewing the documents the magistrate signed the warrant authorizing the search of the St. Francis Boulevard residence for cocaine and related narcotic paraphernalia.

The search warrant was executed by the San Francisco and Daly City officers at approximately 8 p.m. on December 18, 1986. During the search the police found more than 57 grams of cocaine, assorted drug paraphernalia (including a scale, glassware, screens, razor blades, plates), a handgun and cash in the amount of $753.

At the suppression hearing, the parties stipulated that the search warrant affidavit submitted to the magistrate did not refer to any crime committed in San Francisco, nor did it indicate that the prosecution for the offenses would be conducted in San Francisco. It was further stipulated that Officer Crenshaw did not incorporate the above data "because in good faith he did not believe he had a duty to include in the affidavit those facts just cited."

Based upon the incriminating evidence set out above, appellant was charged with: (1) possession of cocaine for sale (Health & Saf. Code, §§ 11351, 1203.073, subd. (b)(1)) and (2) possession of a firearm by an ex-felon (Pen. Code,[1] § 12021). By way of enhancement, it was further alleged that appellant served a prior prison term within the meaning of section 667.5, subdivision (b). After his motion to suppress evidence was denied, appellant pled guilty to the charge of possession of cocaine for sale and was sentenced to state prison for two years.

██, ██ Appellant's sole contention on appeal is that the motion to suppress should have been granted because: (1) the San Francisco warrant authorizing the search of his apartment in San Mateo County was invalid (*People* v. *Fleming* (1981) 29 Cal.3d 698 [175 Cal.Rptr. 604, 631 P.2d 38]; accord *People* v. *Easley* (1983) 34 Cal.3d 858 [196 Cal.Rptr. 309, 671 P.2d 813]; *People* v. *Redman* (1981) 125 Cal.App.3d 317 [178 Cal.Rptr. 49], overruled on other grounds in *People* v. *Superior Court (Mendella)* (1983) 33 Cal.3d 754 [191 Cal.Rptr. 1, 661 P.2d 1081]); and (2) the officer's good faith reliance on the warrant was tantamount to a mistake of law which did not render inapplicable the exclusionary rule under *United States* v. *Leon* (1984) 468 U.S. 897 [82 L.Ed.2d 677, 104 S.Ct. 3405] and its progeny.

██ We agree with appellant that the San Francisco warrant for an out-of-county search was legally defective. ██ We conclude, however, that due to the officer's good faith reliance on the warrant the exclusion of the evidence is not required under the applicable federal law. Consequently, we find the evidentiary ruling of the trial court errorless and affirm the judgment.

██ It is well established in California that a magistrate is authorized to issue a warrant for an out-of-county search when he has probable cause to believe that the evidence sought relates to a crime committed in his county and, thus, pertains to a present or future prosecution in that county. (*People* v. *Fleming, supra,* 29 Cal.3d at p. 707; see also § 830.1;[2] *People* v. *Easley,*

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

[2] Section 830.1, subdivision (a), provides in relevant part that "[t]he authority of . . . [a] peace officer extends to any place in the state . . . . [¶] As to any public offense committed or

*supra,* 34 Cal.3d at pp. 869-870; *People* v. *Redman, supra,* 125 Cal.App.3d at p. 331.) ██ In the case at bench the record is uncontradicted that appellant's residence located in San Mateo County was searched pursuant to a warrant issued by a San Francisco magistrate. It is likewise undisputed that the search warrant affidavit signed by Officer Crenshaw failed to indicate that the criminal activities with which appellant was charged took place in San Francisco and/or that the criminal prosecution for the charges was to be conducted in San Francisco. It thus follows that the magistrate erred by authorizing an out-of-county search without a showing of the requisite nexus between the forum and the place to be searched.

██ We are persuaded, however, that despite the obvious error in the search warrant the exclusion of evidence was not mandated in the present case.

██ The Truth-in-Evidence provisions of Proposition 8 (Cal. Const., art. I, § 28) set out that, with certain exceptions inapplicable here, relevant evidence shall not be excluded in any criminal proceeding.[3] In interpreting Proposition 8, California case law teaches that the exclusionary rule is inapplicable in this state unless mandated by federal law. (*In re Lance W.* (1985) 37 Cal.3d 873, 886-887 [210 Cal.Rptr. 631, 694 P.2d 744]; see also *People* v. *Swan* (1986) 187 Cal.App.3d 1010, 1017 [232 Cal.Rptr. 288].) ██ Federal law, in turn, teaches us that the exclusionary rule should not be applied when the officer conducting the search acted in objectively reasonable reliance on a warrant issued by a detached and neutral magistrate, even if the warrant is subsequently determined to be invalid. (*United States* v. *Leon, supra,* 468 U.S. at pp. 922-923 [82 L.Ed.2d at pp. 698-699]; *Massachusetts* v. *Sheppard* (1984) 468 U.S. 981, 987-988 [82 L.Ed.2d 737, 743, 104 S.Ct. 3424].) The rationale of the Supreme Court is that the exclusionary rule is designed to deter police misconduct rather than to punish the errors of the judges or magistrates, and there is no basis for believing that the exclusion of evidence seized pursuant to a warrant will have a significant deterrent effect on the issuing judge or magistrate. (*United States* v. *Leon, supra,* at p. 916 [82 L.Ed.2d at p. 694].)

██ The instant case convincingly demonstrates (1) that Officer Crenshaw and his colleagues conducted the search in good faith reliance on a

---

which there is probable cause to believe has been committed *within the political subdivision which employs him . . . .*" (Italics added.)

[3] Article I, section 28, subdivision (d) of the California Constitution provides in pertinent part: "Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, *relevant evidence shall not be excluded in any criminal proceeding,* including pretrial and post conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court. . . ." (Italics added.)

search warrant and (2) that their reliance on the validity of the warrant was objectively reasonable. To begin with, the warrant was issued by a neutral and detached magistrate who was statutorily authorized to issue the warrant. (§§ 800, 813.) ■■■■ ■ It is well settled that where, as here, the officers act upon a warrant issued upon sufficient probable cause by a detached and neutral magistrate, their reliance on the warrant, with certain exceptions here irrelevant,[4] is reasonable per se. As emphasized in case law: " 'a warrant issued by a magistrate normally suffices to establish' that a law enforcement officer has 'acted in good faith in conducting the search.' " (*United States* v. *Leon, supra,* 468 U.S. at p. 922 [82 L.Ed.2d at p. 698]; see also *United States* v. *Ross* (1982) 456 U.S. 798, 823, fn. 32 [72 L.Ed.2d 572, 592-593, 102 S.Ct. 2157].) Or as stated in *Illinois* v. *Gates* (1983) 462 U.S. 213, 262 [76 L.Ed.2d 527, 564, 103 S.Ct. 2317]: "The warrant is prima facie proof that the officers acted reasonably in conducting the search or seizure." (Conc. opn. of White, J.) This is so because "Once the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law." (*Stone* v. *Powell* (1976) 428 U.S. 465, 498 [49 L.Ed.2d 1067, 1090, 96 S.Ct. 3037]; see also *United States* v. *Leon, supra,* at p. 921 [82 L.Ed.2d at p. 697].)

In addition to the federal law, the vagueness of the California statutory scheme provided further grounds for the officers to believe that the out-of-county search conducted pursuant to a warrant was reasonable. Section 1524, which authorizes the issuance of search warrants, provides in subdivision (b) that "The property or things [to be seized] may be taken on the warrant *from any place,* or from any person in whose possession it may be." (Italics added.) Section 1528 specifies that "If the magistrate is . . . satisfied of the existence of the grounds of the application . . . he must issue a search warrant . . . *to a peace officer in his county* . . . ." (Italics added.) As observed in *People* v. *Fleming, supra,* 29 Cal.3d at page 703: the above cited sections "anticipate that the magistrate will issue the warrant to an officer *in his county,* but do not specify that the search must be conducted *in that same county.*" (Original italics.) Finally, in judging the officers' reasonable belief in the validity of the out-of-county warrant, it bears special emphasis that section 808 defines the California magistrates to include not only the judges of the superior courts, municipal courts and justice courts who possess only limited (local) jurisdiction, but embraces also the justices of the

---

[4] The exceptions enumerated in *Leon* which negate a good faith reasonable reliance on the warrant include situations where: (1) the magistrate or judge issuing the warrant was misled by the affiant's deliberately false statements in the affidavit; (2) the issuing magistrate wholly abandoned his judicial role; (3) the search warrant affidavit was manifestly unsupported by probable cause; and (4) the warrant exhibited blatant or obvious defects upon its face, etc. (*United States* v. *Leon, supra,* at p. 923 [82 L.Ed.2d at p. 699]; see also *People* v. *Swan, supra,* 187 Cal.App.3d at p. 1018.)

Court of Appeal and the Supreme Court whose legal authority extends to the entire appellate district, or in the case of the Supreme Court, to the entire state.

■■■ Appellant's contention that in the case at bench Officer Crenshaw could not reasonably rely on the warrant because it was jurisdictionally defective and/or that the officer's reliance on the warrant constituted merely a mistake of law which does not affect the applicability of the exclusionary rule (*People* v. *Lopez* (1987) 197 Cal.App.3d 93, 101 [242 Cal.Rptr. 668]; *In re Arthur J.* (1987) 193 Cal.App.3d 781, 787 [238 Cal.Rptr. 523]) is unmeritorious for two basic reasons. First, it is well established that even an erroneous determination of a judge or magistrate acting within his subject matter jurisdiction is valid and binding until it is set aside by a recognized legal procedure. (*Massachusetts* v. *Sheppard, supra,* 468 U.S. at p. 988 [82 L.Ed.2d at p. 743].) In the case at bench the dispute is not whether the magistrate had the power to issue the search warrant but, rather, whether it exceeded the venue provisions of the statute. In other words, the error committed by the magistrate here was mere legal error which did not affect the subject matter jurisdiction of the tribunal. Second, *Lopez* and *Arthur J.* are distinguishable from the present instance inasmuch as in each of those cases the police arrested or detained and searched the defendant based upon a mistaken interpretation of a statute or ordinance. By contrast, in the case at bench Officer Crenshaw proceeded upon a search warrant issued by the magistrate upon which the officer's reliance is deemed reasonable as a matter of law. (See discussion, *supra*.) Indeed, to hold otherwise would be an imprudent encouragement of the police to ignore, question or second-guess the decision of a properly constituted judicial tribunal.

On a final note, we observe that appellant's reliance on *Lo-Ji Sales, Inc.* v. *New York* (1979) 442 U.S. 319 [60 L.Ed.2d 920, 99 S.Ct. 2319] and *Coolidge* v. *New Hampshire* (1971) 403 U.S. 443 [29 L.Ed.2d 564, 91 S.Ct. 2022] is similarly misplaced. In both of those cases the warrants and searches were overturned by the Supreme Court because the officials issuing the warrants did not act as neutral and detached magistrates. Notably, in *Lo-Ji,* the town justice issuing the warrant participated in the ensuing search. In *Coolidge,* the tribunal issuing the warrant was the attorney general who was in charge of the investigation and who later was the chief prosecutor at trial. In contrast thereto, the magistrate herein did not abandon his role as an impartial judge and did not join the police in conducting the search, nor was he a member of the prosecution team.

The judgment is affirmed.

Channell, J., and Perley, J., concurred.

A petition for a rehearing was denied December 19, 1988, and appellant's petition for review by the Supreme Court was denied February 16, 1989. Mosk, J., and Arguelles, J., were of the opinion that the petition should be granted.