[No. E009579. Fourth Dist., Div. Two. Apr. 22, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
MIGUEL GALVAN, Defendant and Appellant.

**[Opinion certified for partial publication.‡]**

---

‡Pursuant to California Rules of Court, rules 976 (b) and 976.1, this opinion is certified for publication with the exception of parts I, II and IV of this opinion.

## COUNSEL

John M. Polakovic, under appontment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Pat Zaharopoulos and Gil P. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DABNEY, Acting P. J.**—Defendant Miguel Galvan was charged in an information with possession of a controlled substance, cocaine, for sale (Health & Saf. Code, § 11351) with a special allegation that he was armed with a firearm (Pen. Code, § 12022, subd. (c)).[1] Galvan moved to quash the search warrant and to suppress evidence. After the motion was denied, Galvan pleaded guilty to the possession charge. Under the plea bargain, the enhancement allegation was dismissed. Galvan was placed on supervised probation.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On appeal, Galvan contends that the affidavit in support of the search warrant was insufficient, and the court erred in denying the motion to suppress because the police did not comply with sections 1530 and 1531.

## FACTS

Sheriff's deputies seized 7.6 grams of cocaine from Galvan's house when executing a search warrant. A deputy sheriff testified, based on his training and experience, that the packaging of the contraband indicated it was possessed for sale. Although not the basis for additional charges, officers also seized over $100,000 and 83 firearms. Facts relating to the validity of the search and seizure are set forth in the discussion which follows.

## DISCUSSION

### I, II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III

 *Section 1530.* Galvan contends that the police failed to comply with section 1530[4] in executing the warrant. The warrant was issued by a magistrate in San Bernardino County, but was directed to "any sheriff, policeman, or peace officer in the County of Los Angeles." Galvan contends the Los Angeles County deputy sheriffs who executed the search warrant in San Bernardino County were not acting as peace officers because their peace officer status terminated at the boundary of the political subdivision where they were employed. (§ 830.1, subd. (a).)[5] Here, there was no showing that the search related to a crime committed in Los Angeles County or that the San Bernardino County sheriff had authorized the search.

Certain principles concerning the issuance of search warrants are well established. There is no question that a magistrate has jurisdiction to

---

*See footnote, *ante*, page 866.

[4]Section 1530 states, "A search warrant may in all cases be served by any of the officers mentioned in its directions, but by no other person, except in aid of the officer on his requiring it, he being present and acting in its execution."

[5]Section 830.1, subdivision (a) states, "Any sheriff, undersheriff, or deputy sheriff, employed in that capacity, of a county, . . . is a peace officer. The authority of these peace officers extends to any place in the state, as follows:

"(1) As to any public offense committed or which there is probable cause to believe has been committed within the political subdivision which employs the peace officer.

"(2) Where the peace officer has the prior consent of the chief of police, or person authorized by him or her to give consent, if the place is within a city or of the sheriff, or person authorized by him or her to give consent, if the place is within a county."

issue a search warrant to any peace officer within the magistrate's own county, even if the warrant is to be executed outside the magistrate's judicial district. (§ 1528; *People* v. *Smead* (1985) 175 Cal.App.3d 1101, 1103 [223 Cal.Rptr. 303]; *People* v. *Emanuel* (1978) 87 Cal.App.3d 205, 211-212 [151 Cal.Rptr. 44].) Furthermore, a magistrate has jurisdiction to issue to any peace officer a warrant for a search in another county if the magistrate finds that the search "relates to a crime committed within his county and thus pertains to a present or future prosecution in that county." (*People* v. *Fleming* (1981) 29 Cal.3d 698, 707 [631 P.2d 38], fn. omitted.)

However, none of these cases directly addresses whether a magistrate has the power to extend the authority of a peace officer from another county to the magistrate's county. This appears to be an issue of first impression in this state. The parties have cited no cases directly on point, and our independent research has revealed none.

In *Fleming*, in discussing whether a magistrate in one county may issue a search warrant for a search in another county, the court stated, "Section 1528 specifies that '[i]f the magistrate is . . . satisfied of the existence of the grounds for the application . . . he must issue a search warrant . . . *to a peace officer in his county* . . .' (italics added); section 1529 also provides that the warrants run from 'The people of the State of California to any sheriff . . . in the County of . . . .' These sections thus anticipate that the magistrate will issue the warrant to an officer *in his county*, but do not specify that the search must be conducted *in that same county*." (*Fleming, supra*, 29 Cal.3d at p. 703.) The *Fleming* court continued, "The California Legislature has made it clear that peace officers' authority extends beyond the jurisdiction of the county of their employment. In 1968 the Legislature enacted section 830.1 which in subdivision (a) provides that '[t]he authority of . . . [a] peace officer extends to any place in the state . . . [a]s to any public offense committed or which there is probable cause to believe has been committed within the political subdivision which employs him.' Read together with section 830.1, sections 1524, 1528, and 1529 imply that, at the very least, when the magistrate has probable cause to believe that the evidence relates to a crime committed within the county and pertains to a present or future prosecution in that county, he has authority to issue a warrant authorizing a county peace officer to search property located in another county." (*Id.* at p. 704, fns. omitted.)

Under *Fleming*, therefore, a magistrate in Los Angeles County could have issued the search warrant for a search in San Bernardino County on a showing that the search sought evidence related to a crime in Los Angeles County. Here, no such showing was made. Absent an indication in the record

that the San Bernardino County Sheriff had given consent to the search, we must conclude that the Los Angeles County sheriff's deputies did not have peace officer authority within the meaning of sections 830.1 and 1528.

We next consider whether the technical error requires reversal. ■ In *United States* v. *Leon* (1984) 468 U.S. 897 [82 L.Ed.2d 677, 104 S.Ct. 3405], the court held that the Fourth Amendment does not require suppression of evidence obtained in objectively reasonable reliance on a search warrant issued by a neutral magistrate, even if the search warrant is later invalidated. (*Id.*, at p. 922 [82 L.Ed.2d at p. 698].) The *Leon* rule does not apply, however, if "(1) the magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth; (2) the magistrate wholly abandoned his judicial role; (3) the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) depending upon the circumstances of a particular case, the warrant is so facially deficient, i.e., in failing to particularize the place to be searched or the things to be seized, that officers cannot presume it to be valid. [Citation.]" (*People* v. *Ruiz* (1990) 217 Cal.App.3d 574, 581 [265 Cal.Rptr. 886].)

In *Ruiz*, the court held that the good faith exception to an invalid search warrant applied to a warrant which did not comply with the principles announced in *Fleming*. (Accord, *People* v. *Dantzler* (1988) 206 Cal.App.3d 289, 293-295 [265 Cal.Rptr. 886].) In *Ruiz*, police officers in Placer County obtained a search warrant from a magistrate in Placer County authorizing a search of a house in Sacramento County. However, the officers did not inform the magistrate they were investigating crimes which had occurred in Placer County, as required by *Fleming, supra*, 29 Cal.3d at page 707. (*Ruiz, supra*, 217 Cal.App.3d at pp. 583-587.)

The *Ruiz* court relied in part on *U.S.* v. *Luk* (9th Cir. 1988) 859 F.2d 667, 671-672, in which a federal magistrate issued a search warrant on the request of an agent of the Office of Export Enforcement (OEE). The *Luk* court concluded that an OEE agent was not a federal law enforcement officer within the meaning of the federal rule that defined authority to request the issuance of a search warrant. (*Luk, supra*, at p. 670.)

The *Luk* court noted, "[A]n application by an unauthorized person may be considered an error on the part of the issuing magistrate—the failure to determine whether the individual applicant before him is authorized to request a warrant—rather than a violation that directly voids the authority and validity of the warrant *ab initio*. [Citation.]" (*Luk, supra*, 859 F.2d at p. 672.)

The *Luk* court further noted, "There is no reason to believe that the federal magistrate who reviewed the affidavit and warrant application presented by [the OEE agent] would have proceeded differently or not authorized the search warrant if [an authorized law enforcement agent] had himself called directly to 'request' the warrant or requested it in person. [Citation.]" (*Luk, supra,* 859 F.2d at p. 674.)

■ A similar analysis applies here. There is no indication the officers acted in bad faith in seeking a warrant from a magistrate in San Bernardino County. As we note, prior law was silent on the propriety of such an action. There is also no indication that the magistrate would have proceeded any differently if the warrant had been requested by San Bernardino County law enforcement officers. As we determined above, probable cause supported the issuance of the search warrant. We conclude that the noncompliance with section 1530 does not require suppression of the evidence seized.

IV*

. . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Hollenhorst, J., and Timlin, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 9, 1992. Mosk, J., was of the opinion that the petition should be granted.

*See footnote, *ante,* page 866.