[No. B058157. Second Dist., Div. Six. Apr. 28, 1992.]

THE PEOPLE, Plaintiff and Appellant, v.
ELIZABETH ANNE TAMBLE, Defendant and Respondent.

**COUNSEL**

Thomas W. Sneddon, Jr., District Attorney, and Gerald M. Franklin, Deputy District Attorney, for Plaintiff and Appellant.

Glen Mowrer, Public Defender, and R. Thomas Allen, Deputy Public Defender, for Defendant and Respondent.

**OPINION**

**STONE (S. J.), P. J.**—The 1990 amendment of Penal Code section 786 does not require a defendant's waiver of the right of vicinage for prosecution in a jurisdictional territory in which a waiver was not required prior to the amendment.

The People appeal from an order of the Santa Barbara Superior Court (Santa Maria Branch) granting respondent's Penal Code section 995 motion

to dismiss four counts of the pending information on jurisdictional grounds.[1] They contend that the Legislature did not intend to alter the well-settled "vicinage" provisions of Penal Code section 786 when, by its amendment of the statute in 1990, it expanded the trial court's venue for certain property crimes into "contiguous jurisdictions" on condition the defendant waive her vicinage right in such prosecutions.[2] We agree and reverse the order.

## FACTS

Respondent Elizabeth Anne Tamble and her codefendant Charles E. Walsh, Jr., were arrested in Santa Barbara County on September 13, 1990, and charged with various felonies arising from their possession at time of arrest of property stolen earlier in a burglary of a motor home near Hearst Castle in San Luis Obispo County and their use, in San Luis Obispo County, of a credit card belonging to one of the victims of the burglary. After a preliminary hearing, the defendants were held to answer and an information was filed in the Santa Maria branch of the Santa Barbara Superior Court charging them with burglary of the motor home (§ 459), concealment of property stolen in the burglary (§ 496), possession of a sawed-off shotgun (§ 12022), and credit card fraud (§ 484g).

Defendant Walsh entered a plea of "no contest" to three of the four counts subsequent to arraignment in superior court. Respondent filed a notice of motion to dismiss counts 1 and 4 of the information pursuant to section 995 based on the court's lack of territorial jurisdiction. The superior court granted the motion. At the People's request, we stayed respondent's trial on counts 2 and 3.

## DISCUSSION

Once more we unsheath our machetes and hack through a statute's "thicket of tangled clauses." (See *People* v. *Holt* (1991) 226 Cal.App.3d 962, 965 [277 Cal.Rptr. 323].) Section 786, like the statute this court interpreted in *Holt*, "reflects a disregard for careful drafting and contempt for the English language." (*Ibid.*) Prior to the 1990 amendment, section 786 read as follows: "When property taken in one jurisdictional territory by burglary, robbery, theft, or embezzlement has been brought into another, or when property is received in one jurisdictional territory with the knowledge that it has been stolen or embezzled and such property was stolen or embezzled in another jurisdictional territory, the jurisdiction of the offense is in any competent court within either jurisdictional territory."

---

[1]The order is appealable under Penal Code section 1238, subdivision (a)(1).

[2]All statutory references hereinafter are to the Penal Code unless otherwise specified.

The statute, amended in 1990, now reads: "When property taken in one jurisdictional territory by burglary, robbery, theft, or embezzlement has been brought into another, or when property is received in one jurisdictional territory with the knowledge that it has been stolen or embezzled and *the* property was stolen or embezzled in another jurisdictional territory, the jurisdiction of the offense is in any competent court within either jurisdictional territory, <u>or any contiguous jurisdictional territory if the arrest is made within the contiguous territory, the prosecution secures on the record the defendant's knowing, voluntary, and intelligent waiver of the right of vicinage, and the defendant is charged with one or more property crimes in the arresting territory.</u>" (1990 changes underlined.)

In construing a statute, a question of law calling for an independent review by an appellate court, we begin with the cardinal rule that we must ascertain the legislative intent in order to carry out the purpose of the law. (*People* v. *Hull* (1991) 1 Cal.4th 266, 271 [2 Cal.Rptr.2d 526, 820 P.2d 1036]; *Botello* v. *Shell Oil Co.* (1991) 229 Cal.App.3d 1130, 1134 [280 Cal.Rptr. 535].) A court must construe the statute according to the Legislature's own stated purpose, if possible.

The basic rule of jurisdiction is found in section 777: ". . . except as otherwise provided by law the jurisdiction of every public offense is in any competent court within the jurisdictional territory of which it is committed." The "jurisdictional territory" with respect to felonies triable in a superior court is the county. (*People* v. *Bismillah* (1989) 208 Cal.App.3d 80, 85 [256 Cal.Rptr. 25].) Section 781 provides an exception to section 777 when acts or effects of an offense occur in multiple counties. (*Ibid.*) Section 786, like section 781, is an exception to section 777 and remedial. Consequently, we construe it liberally, as did the reviewing court in *Bismillah* with section 781, to achieve its purpose of "expanding criminal jurisdiction beyond rigid common law limits." (*Ibid.*)

At common law a criminal defendant had the right to be tried by a jury drawn from the vicinage, i.e., neighborhood, in which the alleged crime was committed. (*People* v. *Bismillah, supra,* 208 Cal.App.3d at p. 87.) The Sixth and Fourteenth Amendments to the federal Constitution guarantee this right. (*Hernandez* v. *Municipal Court* (1989) 49 Cal.3d 713, 721 [263 Cal.Rptr. 513, 781 P.2d 547].) Although the California Constitution has never contained an express vicinage requirement, the California Supreme Court has held that the common law vicinage right to trial by jury selected from the vicinage or county is implied in the state Constitution. (*Ibid.*)

The right to a jury of the vicinage is distinct from venue: vicinage refers to the geographical area from which the jury is summoned whereas

venue is the place of trial. (*People* v. *Bismillah, supra,* 208 Cal.App.3d 80, 87.) However, "[a]s a practical matter, vicinage usually follows venue." (*Ibid.*) In California, the boundaries of vicinage are coterminous with the boundaries of the county. (*Hernandez* v. *Municipal Court, supra,* 49 Cal.3d 713, 716.) Although the vicinage right is assertable by a defendant in a criminal trial, it also protects the right of the offended community to pass judgment in criminal matters. (*Hernandez* v. *Municipal Court, supra,* 49 Cal.3d 713, 716, fn. 1.)

■ However, territorial jurisdiction is a " ' "nonfundamental, waivable aspect of jurisdiction . . ." ' " (*People* v. *Campbell* (1991) 230 Cal.App.3d 1432, 1443 [281 Cal.Rptr. 870].) Thus, the constitutionally guaranteed protection of vicinage can be deemed waived by failure to timely assert it. (*People* v. *Price* (1991) 1 Cal.4th 324, 386 [3 Cal.Rptr.2d 106, 821 P.2d 610]; *People* v. *Sering* (1991) 232 Cal.App.3d 677, 686 [283 Cal.Rptr. 507]; see also *People* v. *Remington* (1990) 217 Cal.App.3d 423, 429 [266 Cal.Rptr. 183]; *People* v. *Jackson* (1983) 150 Cal.App.3d Supp. 1, 7 [198 Cal.Rptr. 135]; and *People* v. *Powell* (1974) 40 Cal.App.3d 107, 120, fn. 5 [115 Cal.Rptr. 109], citing *People* v. *Jones* (1973) 9 Cal.3d 546, 556, fn. 7 [108 Cal.Rptr. 345, 510 P.2d 705], disapproved on other grounds in *Hernandez, supra,* 49 Cal.3d at p. 719.)

Respondent asserts that the additional language of the amendment, the first reference to "vicinage" by the Legislature, was made a part of the existing statute, not in the conjunctive sense but as a modifier for the entire statute. ■ Thus, according to respondent, the 1990 amendment to section 786 (Stats. 1990, ch. 156, § 1) requires the respondent's waiver of vicinage in order to be prosecuted in Santa Barbara County for crimes committed in San Luis Obispo County even though the property obtained by burglary and a subsequent theft was brought by her into Santa Barbara County.

We agree with the People that the Legislature did not intend to revise section 786 to mandate an intelligent waiver from the defendant for prosecution in jurisdictions where one was not needed before the amendment. Where the Legislature provides for the transfer of a case from one designated territory to another, a statutory interpretation defeating this right of transfer is disfavored. (*People* v. *Jackson, supra,* 150 Cal.App.3d Supp. 14.)

Moreover, this interpretation is reasonable because the original parts of the statute, i.e., prosecution where the property is taken or where it is received with knowledge that it is stolen provides, in the broad sense, for prosecution where the crime was committed. "When goods are stolen in one

jurisdiction and carried into another, in legal contemplation the crime of larceny is committed in both jurisdictions, and may be punished in either. Our statute on that point (Pen. Code, secs. 497, 786, 789) merely re-enacts the law as it was before." (*People* v. *Staples* (1891) 91 Cal. 23, 27 [27 P. 523].) The additional provision for jurisdiction, if the defendant waives the right to vicinage, in any contiguous jurisdictional territory where the arrest is made and where the defendant is charged with one or more property crimes, is in keeping with the constitutional right to be tried by an impartial jury selected from residents of the locality of the crime. (*Hernandez* v. *Municipal Court, supra,* 49 Cal.3d 713, 716.)

The Legislative Counsel's Digest supports this interpretation: "Under existing law, when property is taken in one jurisdictional territory by burglary, robbery, theft, or embezzlement and taken into another, or when the property is received in one jurisdictional territory with the knowledge that it has been stolen or embezzled and the property was stolen or embezzled in another jurisdictional territory, jurisdiction of the offense is in any competent court within either jurisdictional territory. [¶] This bill would *also* provide for jurisdiction in any contiguous jurisdictional territory if the arrest for the offense is made within the contiguous territory, the prosecution secures on the record the defendant's knowing, voluntary, and intelligent waiver of the right of vicinage, and the defendant is charged with one or more property crimes in the arresting territory." (Legis. Counsel's Dig., Assem. Bill No. 2551, Stats. 1990, ch. 156, italics added.)

■ It is reasonable to presume that the Legislature amended the section with the intent and meaning expressed in the Legislative Counsel's Digest. (*Harris* v. *Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1158, fn. 6 [278 Cal.Rptr. 614, 805 P.2d 873]; *People* v. *Superior Court* (*Douglass*) (1979) 24 Cal.3d 428, 434 [155 Cal.Rptr 704, 595 P.2d 139]; *Maben* v. *Superior Court* (1967) 255 Cal.App.2d 708, 713 [63 Cal.Rptr. 439].)

The trial court's order dismissing counts 1 and 4 of the felony information is reversed, and the matter remanded for reinstatement of these counts in the information.

Gilbert, J., and Yegan, J., concurred.