Filed 4/18/16  In re Hailey V. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re HAILEY V.,<br><br>a Person Coming Under the Juvenile Court Law. | B265099<br>(Los Angeles County<br> Super. Ct. No. DK07279 ) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>BRAD V.,<br><br>  Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert S. Draper, Judge.  Reversed.

Jamie A. Moran, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Kimberly Roura, Deputy County Counsel, for Plaintiff and Respondent.

Brad V. (Father) appeals from an order of the dependency court removing his daughter Hailey from his custody. Father challenges the removal order on the basis that Hailey was not in his custody prior to removal. We conclude that the juvenile court erred in removing Hailey from Father's custody because she was not residing with him when the dependency petition was initiated. We therefore reverse.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

The Los Angeles County Department of Children and Family Services (DCFS) detained Hailey's half-sister from Mother in June 2014 for general neglect. Mother was residing in a Regional Center home with a mentor and did not live with Father. Hailey was born in December 2014 and was placed in foster care in January 2015.

On January 21, 2015, DCFS filed a petition under Welfare and Institutions Code section 300[2] alleging, inter alia, that Mother suffered from "Mild Mental Retardation" and depression, making it difficult for her to care for Hailey and her half-sister. The petition also alleged that Father had made verbal threats to Mother. Mother reported that Father was Hailey's alleged father.

Father asked for a DNA test to determine whether he was Hailey's father and stated that he would take "full responsibility for providing and caring for" her if he was determined to be the father. The juvenile court ordered a DNA test on

---

[1]    Irma V. (Mother) does not challenge the jurisdictional or dispositional findings. Because the facts underlying the court's decision to detain and remove Hailey and her half-sister from Mother are not pertinent to the issue Father raises on appeal, we do not set them forth in detail.

[2]    Further unspecified statutory references are to the Welfare and Institutions Code.

January 21, 2015, and on April 2, 2015, the court declared Father to be Hailey's biological father. The court ordered monitored visits for Father three times a week.

At the April 30, 2015 adjudication/disposition hearing, Father's counsel argued that Father had not had any contact with Hailey before the petition was filed, reminding the court that Father requested the DNA test because he did not know if he was the father. The court found Hailey to be a child described by section 300, finding true the allegations that Father made verbal threats to Mother; Mother's mental ability and depression made it difficult for her to care for the children; and Mother's home was unsanitary. The court further found by clear and convincing evidence that there was substantial danger to Hailey if she were returned home and there was no reasonable means to protect her other than removal. The court thus ordered Hailey removed from Mother and Father under section 361, subdivision (c). Father timely appealed.

## DISCUSSION

The sole issue on appeal is whether the juvenile court may order a child removed from a parent under section 361, subdivision (c) if the child was not residing with that parent when the petition was initiated. The answer is no. (See *In re Dakota J.* (2015) 242 Cal.App.4th 619, 627 (*Dakota J.*) [juvenile court may not order removal of children who are not living with the parent at the relevant time].)

DCFS does not address the merits of Father's claim, arguing only that Father forfeited his claim by failing to object in the juvenile court. "However, application of the forfeiture rule is not automatic. [Citation.]" (*In re Nickolas T.* (2013) 217 Cal.App.4th 1492, 1501 (*Nickolas T.*).) Where the facts are undisputed and the

3

effect of those facts is a question of law, we may exercise our discretion to address the issue.  (*Ibid.*)  We review a legal question de novo.  (*Ibid.*)

It is undisputed that Hailey was not living with Father at the time DCFS initiated the dependency petition.  The only issue is the legal question whether, given that fact, the juvenile court could order Hailey removed from Father's custody.  We therefore exercise our discretion to address Father's appeal.  (See *Nickolas T., supra*, 217 Cal.App.4th at p. 1501 [exercising discretion to address legal question because facts were undisputed]; *Dakota J.*, *supra*, 242 Cal.App.4th at p. 630 [rejecting DCFS' contention that the mother forfeited her argument where it was undisputed the children were not living with her].)

The juvenile court removed Hailey from Father's custody under section 361, subdivision (c), which "authorizes a child's removal 'from the physical custody of his or her parents or guardian or guardians *with whom the child resides* at the time the petition was initiated.'  (§ 361, subd. (c), italics added.)"  (*Dakota J.*, *supra*, 242 Cal.App.4th at p. 628.)  In *Dakota J.*, the juvenile court found clear and convincing evidence supported removal of the mother's three children from her.  However, two of the three children were not living with the mother at the time the petition was initiated.  On appeal, the court held that this was error, stating, "it is plain that the statute does not contemplate that a child could be removed from a parent who is not living with the child at the relevant time."  (*Ibid.*; see also *In re Abram L.* (2013) 219 Cal.App.4th 452, 460 [although the mother did not appeal the dispositional order, the court held the children could not be removed from the father's physical custody under § 361, subd. (c)(1) because they were not residing with him when the petition was initiated]; *Nickolas T.*, *supra*, 217 Cal.App.4th at p. 1504 ["By its plain terms, § 361, subd. (c) concerns removal of the child from 'the

4

physical custody of [the] parents or guardian . . . *with whom the child resides* at the time the petition was initiated' . . . . (Italics added.)"].)

In *Dakota J.*, the children "were not residing with mother when [DCFS] initiated the petition and had not been residing with her for at least five years." (*Dakota J.*, *supra*, 242 Cal.App.4th at p. 630.) Similarly here, Hailey was not living with Father when DCFS initiated the petition and Father did not even know if he was Hailey's father at the time. The juvenile court therefore erred in removing her from Father's physical custody. (*Id.* at pp. 629-630.)

Moreover, as in *Dakota J.*, the error was prejudicial. (See *Dakota J.*, *supra*, 242 Cal.App.4th at p. 630.) "'A parent's right to care, custody and management of a child is a fundamental liberty interest protected by the federal Constitution that will not be disturbed except in extreme cases where a parent acts in a manner incompatible with parenthood. [Citations.]' [Citation.] . . . [¶] . . . 'Removal on any ground not involving parental rejection, abandonment, or institutionalization requires a finding that there are no reasonable means of protecting the child without depriving the parent of custody. [Citations.] [¶] The heightened standard of proof is crucial, and necessary to provide due process, because '[a] dispositional order removing a child from a parent's custody is "a critical firebreak in California's juvenile dependency system" [citation], after which a series of findings by a preponderance of the evidence may result in termination of parental rights.' [Citation.]" (*Id.* at pp. 630-631.)

The only allegation in the petition pertaining to Father was that he made verbal threats in text messages to Mother. There were no allegations that he carried out any threats. The evidence is not sufficient to constitute clear and convincing evidence that there is a substantial risk of harm to Hailey and no reasonable means to protect her without removal. (See *In re A.E.* (2014) 228

5

Cal.App.4th 820, 822 [single incident of spanking three-year-old with a belt on her legs and buttocks not sufficient to support removal order]; *In re Henry V.* (2004) 119 Cal.App.4th 522, 529 [removal order not supported by substantial evidence where "[t]he physical abuse suffered by [the child], while substantial, was apparently a single occurrence, and neither the Agency nor the court considered it an obstacle to reunification in the near future."].)  The error therefore was prejudicial.  (See *Dakota J.*, *supra*, 242 Cal.App.4th at pp. 630-632.)

**DISPOSITION**

The dispositional order removing Hailey from Father's custody is reversed and the matter remanded for further proceedings.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

EPSTEIN, P. J.

MANELLA, J.