Opinion
McKAY, P. J.
This is an appeal from the judgment rendered following a court trial where the citation was issued pursuant to the provisions of the automated traffic enforcement system (ATES). (Veh. Code, §§ 21455.5-21455.7.) The only issue presented on appeal is whether the judgment should be reversed due to the failure of the governmental agency to issue only warning notices for 30 days, and the failure to make a public announcement at least 30 days prior to commencement of the automated traffic enforcement program. (Veh. Code, § 21455.5, subd. (b).) As explained below, we affirm the judgment.
BACKGROUND
On November 21, 2008, a citation was issued charging defendant and appellant Steven Edward Gray with violating Vehicle Code section 21453, subdivision (a)—failure to stop for a red signal. Specifically, the citation alleged that on the same date—November 21, 2008—defendant failed to stop for the red light at the intersection of Washington Boulevard and Helms Avenue in the City of Culver City. The violation was recorded by the ATES located at the subject intersection.
Thereafter, defendant was arraigned and pled not guilty. Prior to the cause proceeding to trial, a series of pretrial proceedings and hearings took place. *Supp. 13 One such hearing was a defense motion to dismiss based upon the city’s failure to comply with Vehicle Code section 21455.5, subdivision (b).[1] The testimony and/or stipulation from the hearing was that “Culver City has only conducted such warning notices and public announcements prior to the commencement of the entire program in Culver City in 1998, and that no such notices or announcements were done specifically for the intersection (at the intersection of Washington Boulevard and Helm[s] Avenue, Culver City) at which defendant was photographed allegedly running a red light.” The court denied defendant’s motion and trial was eventually held.
At trial, defendant stipulated that he was the driver depicted in the photographic and video evidence captured by the ATES. Sergeant Omar Corales, the Culver City police officer in charge of the municipality’s ATES, testified regarding the installation, function, operation, and maintenance of the system. At the conclusion of the trial, the court found that the ATESproduced evidence was admissible, and thereafter found defendant guilty of the charge. Defendant was ordered to pay a fine. This timely appeal followed.
DISCUSSION
Vehicle Code section 21455.5, subdivision (b) provides as follows: “Prior to issuing citations under this section, a local jurisdiction utilizing an automated traffic enforcement system shall commence a program to issue only warning notices for 30 days. The local jurisdiction shall also make a public announcement of the automated traffic enforcement system at least 30 days prior to the commencement of the enforcement program.”[2] Defendant contends that Culver City was required to comply with subdivision (b) of section 21455.5 each and every time it installed cameras at a new intersection following its initial 1998 decision to participate in an overall ATES plan. In support of his contention, defendant relies upon—and urges this court to follow—the recent Orange County Superior Court Appellate Division case entitled People v. Park (2010) 187 Cal.App.4th Supp. 9 [115 Cal.Rptr.3d 337] (Park).
*Supp. 14 In Park, the court held that the requirement that the city make a public announcement and issue notice of the ATES 30 days prior to enforcement applied to each particular intersection at which an automated photographic system was installed, rather than merely to the overall city plan to institute automated enforcement. (Park, supra, 187 Cal.App.4th at pp. Supp. 13-14.) In doing so, the Park court stated as follows: “It would make little sense for the scope of the 30-day warning period to be limited temporally and to be defined arbitrarily by the geographic size of the local jurisdiction, inasmuch as the legislatively stated purpose of the warning requirement is to deter red light violations. This purpose is best achieved by the issuance of new warnings and announcements to proximate users each time automated enforcement equipment commences operation at an intersection.” (Id. at p. Supp. 15.)
We are not required to follow Park and decline to do so. (People v. Corners (1985) 176 Cal.App.3d 139, 146 [221 Cal.Rptr. 387] [decision of an appellate division of one superior court is not binding upon the appellate division of another superior court].) In reaching its decision, we note that the Park court failed to consider or analyze whether compliance with Vehicle Code section 21455.5[3] constituted an element of the crime, or whether noncompliance resulted in a miscarriage of justice within the meaning of article VI, section 13 of the California Constitution.
The People’s burden in a criminal prosecution is to prove each element of the charged offense beyond a reasonable doubt. (In re Khamphouy S. (1993) 12 Cal.App.4th 1130, 1134 [15 Cal.Rptr.2d 882].) The elements of the charged crime—section 21453, subdivision (a)—are as follows: (1) defendant, while driving a vehicle; (2) faced a steady circular red signal; and either (3) (a) failed to stop (1) at the marked limit line, (2) at the near side of the crosswalk before entering the intersection, or (3) before entering the intersection; or (b) failed to remain stopped until an indication to proceed was shown. In the instant matter, all of the necessary elements were either proven or stipulated to at trial. We find that compliance with subdivision (b) of section 21455.5 was not part of the People’s burden of proof because it was not an element of the charged crime.
Furthermore, we note that compliance with section 21455.5 is not jurisdictional. Even assuming arguendo that the term “system” as contained in the statute references each separate automated intersection, a failure to comply with the statute nevertheless does not compel reversal. Where constitutional issues are not involved—as is the case here—noncompliance *Supp. 15 with the statute goes merely to the weight of the evidence, and does not render the evidence automatically inadmissible. (People v. Adams (1976) 59 Cal.App.3d 559, 566-567 [131 Cal.Rptr. 190] [results of a breath test were found admissible despite laboratory’s failure to comply with certain maintenance procedures for testing breathalyzer equipment].)
Moreover, we note that in enacting the ATES statutory scheme, the Legislature failed to include any remedy for a municipality’s noncompliance with the notice provisions. Had the Legislature intended for proof of compliance to be part of the prosecution’s prima facie case—or for noncompliance to be a basis for the exclusion of evidence—it would have simply included the appropriate language in the statute reflecting such intent. The Legislature’s failure to do so requires us to apply the principle of expressio unius est exclusio alterius, that is, that “the expression of one thing in a statute ordinarily implies the exclusion of other things. [Citation.]” (In re J. W. (2002) 29 Cal.4th 200, 209 [126 Cal.Rptr.2d 897, 57 P.3d 363].)[4]
Lastly, any compliance with the warning notice provisions of the ATES did not result in a miscarriage of justice.[5] The undisputed evidence before the court was that defendant, while driving a vehicle, failed to stop for the steady circular red signal as captured by the ATES evidence. A judgment may be reversed only upon a clear showing of a miscarriage of justice. (Cal. Const., art. VI, § 13.)[6] Defendant has failed to show how he was prejudiced. At the time defendant received the citation, Culver City’s ATES program had been in operation for approximately 10 years. There is nothing in the record indicating that defendant suffered any prejudice, and we likewise cannot conjure up any, as the result of the circumstances present herein. Accordingly, there is no basis for reversal of the judgment.
*Supp. 16 DISPOSITION
The judgment is affirmed.
Kalin, J.,* and Keosian, J., concurred.

 Vehicle Code section 21455.5, subdivision (b) requires that a local jurisdiction, prior to issuing citations pursuant to an ATES, issue only warning notices for 30 days. In addition, the statute requires the local jurisdiction to make a public announcement of the ATES at least 30 days prior to the commencement of the enforcement program.

 Defendant urged the trial court to interpret the term “system” in the statute to refer to the automated enforcement equipment installed at each individual intersection within a local jurisdiction. The People urged the court to interpret “system” to mean the overall enforcement program encompassing all the automated equipment at all intersections throughout the city.

 All unspecified statutory references are to the Vehicle Code.

 By way of comparison, the statutory scheme governing speed traps (see §§ 40800-40808) contains numerous provisions wherein the Legislature set forth that which the prosecution must prove in a speeding case involving radar or any other electronic device used to capture the speed of a vehicle, and the admissibility of speed trap evidence. (See §§ 40801, 40802, subd. (c), 40803, 40804, 40805, 40808.)

 Neither of the two cases cited in Park—Ralph v. Police Court (1948) 84 Cal.App.2d 257, 258-259 [190 P.2d 632], and People v. Municipal Court (Pellegrino) (1972) 27 Cal.App.3d 193, 206 [103 Cal.Rptr. 645]—touched upon the issue discussed by the court in that case.

 Article VI, section 13 of the California Constitution provides in relevant part that “[n]o judgment shall be set aside ... in any cause ... for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.”

Retired judge of the Los Angeles Superior Court assigned, by the Chief Justice pursuant to article VI, section 6 of the California Constitution.